PALOMA P. PERACCHIO, CA Bar No. 259034
paloma.peracchio@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213-239-9800
Facsimile: 213-239-9045

MITCHELL A. WROSCH, CA Bar No. 262230
mitchell.wrosch@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA 92626
Telephone: 714-800-7900
Facsimile: 714-754-1298

Attorneys for Defendants
UNITED STATES OF ARITZIA INC.

***[Additional attorneys on following page]***

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAIAH MICAH RAMIREZ AND JAIDA JEROTZ, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF ARITZIA INC., DBA ARITZIA, a Delaware corporation; US OF ARITZIA INC, an entity of unknown form; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:26-cv-8458<br><br>**DEFENDANT UNITED STATES OF ARITZIA INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>[Filed concurrently with Civil Cover Sheet; Certification of Interested Parties and Disclosure Statement; Notice of Related Cases; Declaration of Paloma Peracchio in Support of Removal]<br><br>Complaint Filed: April 10, 2026<br>FAC Filed: June 11, 2026 |

CATHERINE N. VAN FAROWE, CA Bar No. 355981
catherine.vanfarowe@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ 85016
Telephone: 602-778-3700
Facsimile: 602-778-3750

Attorneys for Defendants
UNITED STATES OF ARITZIA INC.

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFFS MICHAIAH MICAH RAMIREZ AND JAIDA JEROTZ AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, 1711, Defendant United States of Aritzia Inc.[1] ("Defendant") hereby removes this action, originally filed as Case No. 26STCV11680 in the Superior Court of the State of California for the County of Los Angeles, to the United States District Court for the Central District of California. Defendant denies the allegations and relief sought in the operative First Amended Complaint and files this Notice without waiving any defenses, exceptions, or obligations that may exist in Defendant's favor. Defendant does not concede, and specifically reserves, its right to contest the suitability of this lawsuit for certification as a class action. Removal is proper for the reasons explained below:

## I. TIMELINESS OF REMOVAL

1. Plaintiff Michaiah Micah Ramirez ("Plaintiff Ramirez") filed a putative Class Action Complaint ("Complaint") against Defendant on April 10, 2026, in the Superior Court of the State of California for the County of Los Angeles, Case No. 26STCV11680. (*See* Ex. A [Complaint]).

2. On June 11, 2026, before the initial Complaint was served on Defendant, Plaintiff Ramirez filed a First Amended Class Action Complaint ("FAC") adding Jaida Jerotz ("Plaintiff Jerotz") as an additional named plaintiff.[2] (*See* Ex. B [FAC]).

3. Pursuant to 28 U.S.C. § 1446(a), Defendants attach as Exhibits A, B, C, D, E, F, and G true and correct copies of the Complaint (Ex. A), the FAC (Ex. B),

[1] Plaintiffs also name as a defendant "US of Aritzia Inc.," however no such entity exists.

[2] Plaintiff Jerotz previously filed a separate putative class action against Defendant in Los Angeles Superior Court, which Defendant removed to this Court on November 10, 2025, entitled *Jerotz v. United States of Aritzia Inc.*, et al., Case No. 2:25-cv-10790-MWC-SSC ("*Jerotz*"). The Court granted the Parties' stipulated dismissal without prejudice on June 23, 2026. (*Jerotz* ECF No. 37.)

Summons (Ex. C), Notice and Acknowledgement of Receipt (Ex. D), Civil Case Cover Sheet (Ex. E), Notice of Case Assignment (Ex. F), and Minute Order Setting Initial Status Conference (Ex. G). These represent all process, pleadings, and orders served upon Defendant in this action.

4. Plaintiffs served Defendant with the Summons and FAC via Notice and Acknowledgment of Receipt pursuant to California Code of Civil Procedure § 415.30. (Ex. D; Peracchio Decl, ¶ 5.) Plaintiff's counsel emailed the Notice and Acknowledgment of Receipt to Defendant's counsel on June 11, 2026, and it was executed by Catherine N. Van Farowe on behalf of Defendant and returned to Plaintiff's counsel on July 1, 2026. (Peracchio Decl., ¶ 5, Ex. H.) "Service of a summons pursuant to [California Code of Civil Procedure § 415.30] is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender." Cal. Civ. Proc. Code § 415.30(c). Service was therefore completed on July 1, 2026.

5. This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because Defendant has removed this action within 30 days of being served.

## II. GROUNDS FOR REMOVAL

6. Defendant is authorized to remove this action to this Court pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711 ("CAFA") since Plaintiffs have filed a class action complaint where the amount in controversy exceeds five million dollars, and Defendant is a citizen of a foreign state, and Plaintiffs are citizens of the State of California.

### A. Plaintiffs Bring This Case as a Class Action Against Defendant

7. Plaintiffs' FAC is titled "CLASS ACTION." (*See* FAC, Caption.)

8. The introductory paragraph to the FAC contends that Plaintiffs are bringing this action "on behalf of themselves and all others similarly situated[.]" (FAC, p. 1.)

9. Paragraph 1 of the FAC contends that Plaintiffs bring this action "on behalf of themselves and all current and former Employees within the State of California who, at any time four (4) years prior to the filing of this lawsuit, are or were employed as non-exempt, hourly employees by" Defendant, and alleges that Defendant "violated various provisions of the California Labor Code and relevant orders of the Industrial Welfare Commission (IWC) and California Business & Professions Code, and seeks redress, therefore." (FAC ¶ 1.)

10. The FAC purports to bring claims on behalf of the following putative class: "[A]ll non-exempt individuals employed by Defendants, at any time within four (4) years of the filing of this lawsuit, and that have been employed by Defendants within the State of California." (FAC ¶ 27.)

11. Plaintiffs bring the following causes of action on behalf of themselves and the putative class members (referred to in the FAC as "Employees"): (1) Failure to Pay Minimum Wages; (2) Failure to Pay Wages and Overtime Under Labor Code § 510; (3) Meal-Period Liability Under Labor Code § 226.7; (4) Rest-Break Liability Under Labor Code § 226.7; (5) Failure to Pay Vacation Wages; (6) Failure to Comply with Labor Code §§ 245 *et seq.* and 246; (7) Violation of Labor Code § 226(a); (8) Reimbursement of Necessary Expenditures Under Labor Code § 2802; (9) Failure to Keep Required Payroll Records Under Labor Code §§ 1174 and 1174.5; (10) Penalties Pursuant to Labor Code § 203; and (11) Violation of Business & Professions Code § 17200 *et seq.* (FAC, Caption.)

12. Defendant denies any liability in this case, as to Plaintiffs' individual and class claims, and will present compelling defenses to these claims on the merits. Defendant intends to oppose class certification and expressly reserves all rights in this regard. However, for purposes of the jurisdictional requirements for removal only, and without admitting to any facts or liability, Defendant states that, as set forth in more detail below, the allegations in Plaintiffs' FAC that they seek to represent all persons employed by Defendant and classified as non-exempt employees in the State of

California at any time during the period April 10, 2022, to present puts in controversy an amount that exceeds $5 million. *See* 28 U.S.C. § 1332(d)(6).

B. <u>There Are More Than 100 Members in the Proposed Class</u>

13. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) if, in addition to the other requirements of § 1332(d), the action involves a putative class of at least 100 persons.

14. Plaintiffs allege that this action is brought on behalf of "all current and former Employees within the State of California who, at any time four (4) years prior to the filing of this lawsuit, are or were employed as non-exempt, hourly employees by" Defendant. (FAC ¶ 1.)

15. Plaintiffs allege that they are "informed and believe that Defendants employ or, during the time period relevant to this lawsuit, employed more than 100 individuals within the State of California." (FAC ¶ 32.)

16. Defendant employed at least 2,201 persons classified as non-exempt employees in California during the relevant time period of September 24, 2021, to October 19, 2025.[3] (Sudibjo Decl., ¶ 5.) Although Defendant denies that class treatment is appropriate, Plaintiffs' proposed class, if certified, would consist of more than 100 members.

C. <u>Defendant is a Citizen of a Different State Than Plaintiffs</u>

17. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) if, in addition to the other requirements of § 1332(d), a member of the class is a citizen of a State and any defendant is a citizen of a foreign state. *See* 28 U.S.C. § 1332(d)(2)(C).

18. For diversity purposes, an individual is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th

---

[3] For purposes of this removal, Defendant relies on the same timekeeping and payroll data from *Jerotz*, which covers the time period of September 24, 2021, to October 19, 2025, and is summarized in the Declaration of Magdalena Sudibjo that Defendant submitted in support of the *Jerotz* removal and submits herewith as Exhibit I. (*Jerotz*, ECF No. 1-3 ["Sudibjo Decl."]). Defendant reserves the right to present additional or updated data in opposition to any motion to remand.

Cir. 1983). An individual's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

19. The FAC alleges that Plaintiff Ramirez "has resided in California and during the time period relevant to this Complaint was employed by Defendants as a non-exempt hourly employee within the State of California." (FAC ¶ 4.) The FAC further alleges that Plaintiff Jerotz "has resided in California and during the time period relevant to this Complaint was employed by Defendants as a non-exempt hourly employee within the State of California." (FAC ¶ 5.) Thus, Plaintiffs are citizens of the State of California.

20. A corporation is a citizen of its state or foreign state of incorporation and the state or foreign state of its principal place of business. 28 U.S.C. § 1332(c)(1). The FAC alleges that "Defendant UNITED STATES OF ARITZIA INC. dba ARITZIA is a Delaware corporation with its principle executive offices in Vancouver, British Columbia, Canada[.]" (FAC ¶ 6.)

21. Defendant's "principal place of business," which the Supreme Court has interpreted to mean "the place where a corporation's officers direct, control, and coordinate the corporation's activities" (*Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010); 28 U.S.C. § 1332(c)(1)), is Vancouver, British Columbia, Canada. (FAC ¶ 6.) Thus, Defendant is a citizen of Delaware and Canada, not the State of California. Plaintiffs are citizens of the State of California. (FAC ¶¶ 4-5.) There is accordingly minimal diversity under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A); *Hertz*, 130 S. Ct. at 1192; *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1230 n.2 (9th Cir. 2011).

D. <u>The Amount in Controversy Exceeds $5 Million</u>

22. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) because, in addition to the other requirements of § 1332(d), the amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2).

1. Meal Periods

23. California Labor Code § 512 provides that employers must provide employees who work shifts of five or more hours with a meal period of not less than 30 minutes, and for employees who work shifts of ten or more hours, employers must provide a second meal period of not less than 30 minutes. California Labor Code § 226.7 provides that if an employer fails to provide an employee with meal periods in compliance with the Labor Code, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each workday that a meal period is not provided.

24. Plaintiffs allege that Defendant "regularly required Employees to work shifts in excess of five (5) hours without providing timely, off-duty, and uninterrupted meal periods due to pre-shift off-the-clock work," and that Employees were "required to undergo a bag check after clocking out for their meal period." (FAC ¶ 19.) Plaintiffs further allege that bag checks resulted in "short and on-duty meal periods," that Employees working more than 10 hours in a shift did not receive a second meal period, that meal periods were "interrupted . . . by customers," and that Employees were "required to carry radios, including during meal periods." (FAC ¶ 57.)

25. Plaintiffs allege that "Defendants failed to compensate Employees for each meal period not provided or inadequately provided, as required under Labor Code § 226.7 and paragraphs 11 and 20 of the applicable IWC Wage Order[]." (FAC ¶ 58.) Accordingly, Plaintiffs allege that, "pursuant to Labor Code § 226.7, Employees are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each meal period not provided or deficiently provided, a sum to be proven at trial." (FAC ¶ 59.) Plaintiffs further allege that their claims "are typical of those of the other Employees" and that "Employees all sustained injuries and damages arising out of and caused by Defendants' common course of conduct." (FAC ¶ 35.) Thus, per the allegations of the FAC, all putative class members were allegedly not provided compliant meal periods.

26. Members of the putative class worked approximately 261,009 shifts of five or more hours in length in California during the period of September 24, 2021, to October 19, 2025. (Sudibjo Decl., ¶ 7.) Plaintiffs' allegation that hourly employees were required to undergo bag checks after clocking out for meal periods, resulting in short and on-duty meal periods, applies uniformly to every non-exempt employee who worked a shift of at least five hours (i.e., a shift that would entitle them to a meal period). Therefore, utilizing an alleged violation rate of 100% is proper here based upon Plaintiffs' own allegations of "required" bag checks. The average hourly base rate of pay for non-exempt employees of Defendant in California since September 24, 2021, is $27.74. (Sudibjo Decl., ¶ 10.) Accordingly, the total amount in controversy for Plaintiffs' meal period cause of action is approximately **$7,240,389.66** (261,009 shifts x $27.74 [one hour of pay at the average hourly rate]).

2. Rest Breaks

27. California's IWC Wage Orders require that employers authorize and permit non-exempt employees to take a rest period of at least ten minutes for every four hours worked. *See* IWC Wage Order 7-2001, Section 12. Rest periods are only required for shifts of 3.5 hours or more. *Id.* California Labor Code § 226.7 provides that if an employer fails to provide an employee with rest periods in compliance with the Wage Orders, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each workday that a rest period is not provided.

28. Plaintiffs allege that "Defendant[] failed to provide Employees with duty-free rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift," and that rest periods provided were untimely due to pre-shift off-the-clock work. (FAC ¶ 62.) Plaintiffs further allege that Defendant required Employees "to carry radios" during rest breaks, (*id.*), and that Defendant "required" Employees to work during their rest breaks, (FAC ¶ 3).

29. Plaintiffs further allege that "Defendants failed to compensate Employees for each rest period not provided or inadequately provided, as required under Labor Code § 226.7 and the applicable IWC Wage Orders[.]" (FAC ¶ 63.) Accordingly, Plaintiffs allege that "Employees are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each day worked without the required rest breaks, a sum to be proven at trial." (FAC ¶ 64.) As with the meal period allegations, Plaintiffs allege that this conduct applies uniformly on a classwide basis. (FAC ¶ 35.)

30. Members of the putative class worked approximately 300,227 shifts of 3.5 or more hours in length in California during the period of September 24, 2021, to October 19, 2025. (Sudibjo Decl., ¶ 8.) Plaintiffs' allegation that hourly employees were "required" to work during their rest breaks and to carry radios applies uniformly to every non-exempt employee who worked a shift of at least 3.5 hours (i.e., a shift that would entitle them to a rest period). Further, per Plaintiffs, employees all sustained injury and damages arising out of and caused by Defendant's common course of conduct. (FAC ¶ 35.) Therefore, utilizing an alleged violation rate of 100% is proper here based upon Plaintiffs' own allegations of uniform classwide rest break violations. Accordingly, the total amount in controversy for Plaintiffs' rest break cause of action is **$8,328,296.98** (300,227 shifts x $27.74 [one hour of pay at the average hourly rate]).

3. <u>Minimum Wages and Overtime</u>

31. California Labor Code § 1197 provides that the payment of less than the fixed minimum wage to California employees is unlawful. An employee receiving less than the legal minimum wage is entitled to recover in a civil action the full amount of the minimum wage or overtime compensation owed, plus liquidated damages in an amount equal to the wages unlawfully unpaid. Cal. Lab. Code § 1194(a).

32. California Labor Code § 510 requires that employers pay employees for all hours worked in excess of eight in one day, forty in one workweek, or on the seventh day of work in any one workweek, at one and one-half times the employee's

regular rate of pay, and double time for hours in excess of 12 in one day or in excess of eight on any seventh day of work in a workweek.

33. Plaintiffs allege that Defendant failed to pay putative class members at least minimum wage for all hours worked because Defendant "had a consistent policy of misstating Employees['] time records and failing to pay Employees for all hours worked," including time spent waiting in line to clock in, waiting for management to complete opening procedures, undergoing COVID temperature checks, undergoing bag checks after clocking out (post-shift and during meal periods), answering work-related calls, texts, and scheduling client appointments off-the-clock, and waiting for management to lock up the store after clocking out. (FAC ¶¶ 11, 40.) Plaintiffs further allege this same off-the-clock work resulted in unpaid overtime for hours worked in excess of eight hours in a workday. (FAC ¶ 49.)

34. Plaintiffs allege that "Employees are entitled to recover the unpaid minimum wages (including double minimum wages), liquidated damages in an amount equal to the minimum wages unlawfully unpaid, interest thereon and reasonable attorney's fees and costs of suit pursuant to California Labor Code § 1194(a)." (FAC ¶ 47.) Plaintiffs further allege that "Defendants are liable to Employees for the full amount of all their unpaid wages and overtime compensation, with interest, plus their reasonable attorneys' fees and costs." (FAC ¶ 54.) Plaintiffs allege that Defendant's alleged "uniform pattern of unlawful wage and hour practices" were "applicable to the Class as a whole" and that class members "all sustained injur[y] and damages arising out of and caused by Defendants' common course of conduct[.]" (FAC ¶¶ 35, 40.)

35. Members of the putative class worked approximately 322,379 shifts of any length in California during the period of September 24, 2021, to October 19, 2025. (Sudibjo Decl., ¶ 6.) Assuming only five minutes of off-the-clock work on every shift worked in California by non-exempt employees, the amount in controversy on

Plaintiffs' minimum wage claim is at least **$744,695.49** ($0.462 [$27.74 (average hourly rate) ÷ 60] x 5 minutes = $2.31 x 322,379).

36. Members of the putative class worked approximately 90,202 shifts of eight or more hours (thus entitling them to overtime). (Sudibjo Decl., ¶ 9.) Assuming five minutes of off-the-clock time on every shift that exceeds eight hours in length, the amount in controversy on Plaintiffs' overtime claim is at least **$750,661.04** ($41.61 [$27.74 (average hourly rate) x 1.5] ÷ 5 minutes = $8.32 x 90,202).

4. Attorneys' Fees

37. Plaintiffs' FAC requests attorneys' fees. (FAC, Prayer for Relief, ¶ 18.)

38. Under Ninth Circuit precedent, 25% of the common fund is generally used as a benchmark for an award of attorneys' fees. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). Here, once the amount-in-controversy figures above are calculated, Defendant intends to show that the claimed amount in controversy conservatively exceeds **$17,064,043.17**, and Plaintiffs have not indicated they will seek less than 25% of a common fund in attorneys' fees. (*See generally* FAC, Prayer for Relief.) Although the amount in controversy absent attorneys' fees will independently surpass the jurisdictional threshold, this Court should nevertheless include the potential attorneys' fees in evaluating jurisdiction. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *see also Giannini v. Nw. Mut. Life Ins. Co.*, 2012 WL 1535196, at *4 (N.D. Cal. 2012) (holding that defendants' inclusion of attorneys' fees to satisfy the amount in controversy was reasonable where defendants based the amount by multiplying the sum of the amounts placed in controversy by 25%); *Jasso v. Money Mart Express, Inc.*, 2012 WL 699465, at *6–7 (N.D. Cal. 2012) (holding it was not unreasonable to rely on an assumption about attorneys' fees recovery as a percentage of the total amount in controversy, and noting that "the Ninth Circuit 'has established 25% of the common fund as a benchmark award for attorney fees'").

39. Defendant denies that attorneys' fees are owed to Plaintiffs or putative class members, and Defendant further reserves the right to contest the application of the 25% benchmark in this case. However, for purposes of this jurisdictional analysis only, Defendant relies on Plaintiffs' allegation that attorneys' fees are owed. *Guglielmino*, 506 F.3d at 700; *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 579 F.3d 994, 1000 (9th Cir. 2007), *overruled on other grounds by Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013).

40. Using a 25% benchmark figure for attorneys' fees results in estimated attorneys' fees of **$4,266,010.79**.

E. <u>This Removal Satisfies the Procedural Requirements of 28 U.S.C. § 1446</u>

41. In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is filed in the District in which the action is pending. The Los Angeles County Superior Court is located within the Central District of California. Venue is therefore proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

42. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant are attached as Exhibit "A" to the Peracchio Declaration.

43. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice is being served upon counsel for Plaintiffs, and a notice will be filed with the Clerk of the Superior Court of California for the County of Los Angeles. A Notice of Compliance shall be filed promptly afterward with this Court.

44. As required by Federal Rule of Civil Procedure 7.1, Defendant has concurrently filed its Certificate of Interested Parties.

///

///

///

## III. CONCLUSION

For the foregoing reasons, Defendant hereby removes the above-entitled action to the United States District Court for the Central District of California.

DATED: July 31, 2026

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ *Paloma P. Peracchio*
Paloma P. Peracchio
Mitchell A. Wrosch
Catherine N. Van Farowe

Attorneys for Defendants
UNITED STATES OF ARITZIA INC.

# EXHIBIT A

Roman Shkodnik, Esq. (SBN 285152)
Emma Geesaman, Esq. (SBN 352715)
D.LAW, INC.
250 N Madison Avenue, 2nd Floor
Pasadena, CA 91101-1639
Tel.: (818) 962-6465 / Fax: (818) 962-6469
Emails: R.Shkodnik@d.law, E.Geesaman@d.law

Attorneys for Plaintiff MICHAIAH MICAH RAMIREZ, on behalf of herself and others similarly situated

Electronically FILED by Superior Court of California, County of Los Angeles 4/10/2026 2:41 PM David W. Slayton, Executive Officer/Clerk of Court, By A. Radillo, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| MICHAIAH MICAH RAMIREZ, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF ARITZIA INC. dba ARITZIA, a Delaware corporation; US OF ARITZIA INC, an entity of unknown form; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 26STCV11680<br><br><u>CLASS ACTION</u><br><br><u>Assigned for All Purposes To:</u><br>Hon.<br>Dept.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br>1. Failure to Pay Minimum Wages;<br>2. Failure to Pay Wages and Overtime Under Labor Code § 510;<br>3. Meal-Period Liability Under Labor Code § 226.7;<br>4. Rest-Break Liability Under Labor Code § 226.7;<br>5. Failure to Pay Vacation Wages;<br>6. Failure to Comply with Labor Code §§ 245 *et seq.* and 246;<br>7. Violation of Labor Code § 226(a);<br>8. Reimbursement of Necessary Expenditures Under Labor Code § 2802;<br>9. Failure to Keep Required Payroll Records Under Labor Code §§ 1174 and 1174.5;<br>10. Penalties Pursuant to Labor Code § 203; and<br>11. Violation of Business & Professions Code § 17200 *et seq*.<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff Michaiah Micah Ramirez (hereinafter "Plaintiff") on behalf of herself and all others similarly situated (collectively, "Employees"; individually, "Employee") complains of Defendants, and each of them, as follows:

**INTRODUCTION**

1. Plaintiff brings this action on behalf of herself and all current and former Employees within the State of California who, at any time four (4) years prior to the filing of this lawsuit, are or were employed as non-exempt, hourly employees by UNITED STATES OF ARITZIA INC. dba ARITZIA, a Delaware corporation; US OF ARITZIA INC, an entity of unknown form; and DOES 1 through 50 (all defendants being collectively referred to herein as "Defendants"). Plaintiff alleges that Defendants, and each of them, violated various provisions of the California Labor Code, relevant orders of the Industrial Welfare Commission (IWC) and California Business & Professions Code, and seeks redress, therefore.

2. Plaintiff is a resident of California and during the time period relevant to this Complaint was employed by Defendants as a non-exempt hourly employee within the State of California at Defendants' facilities and offices in California. Plaintiff and the other Class members worked for Defendants in Los Angeles County, and in other nonexempt positions, throughout California, and consistently worked at Defendants' behest without being paid all wages due. More specifically, Plaintiff and the other similarly situated Class members were employed by Defendants and worked at Defendants' offices and other facilities where the conduct giving rise to the allegations in this Class Action Complaint occurred. Upon information and belief, Plaintiff was employed by Defendants and (1) shared similar job duties and responsibilities, (2) was subjected to the same policies and practices, and (3) endured similar violations at the hands of Defendants as the other Employee Class members who served in similar and related positions.

3. Defendants required Plaintiff and the Employees in the Class to perform work while remaining under Defendants' control before and after being on the clock and during their meal and rest breaks. Defendants thus failed to pay Plaintiff and the Class members for all hours worked. Defendants also failed to provide Plaintiff and the Class with lawful meal and rest

periods, as employees were not provided with the opportunity to take timely and duty-free meal and rest periods as required by the Labor Code.

**THE PARTIES**

**A. The Plaintiff**

4. Plaintiff MICHAIAH MICAH RAMIREZ has resided in California and during the time period relevant to this Complaint was employed by Defendants as a non-exempt hourly employee within the State of California.

**B. The Defendants**

5. Defendant UNITED STATES OF ARITZIA INC. dba ARITZIA is a Delaware corporation with its principle executive offices in Vancouver, British Columbia, Canada, and upon information and belief, has been Plaintiff's employer during the relevant time period. UNITED STATES OF ARITZIA INC. dba ARITZIA does not list a California address with the California Secretary of State; however, upon information and belief employs Plaintiff and the Employees in Los Angeles County, including at Defendants' offices and facilities in Los Angeles, California, and throughout California and Defendants conduct business throughout California.

6. Defendant US OF ARITZIA INC is an entity of unknown form with its principle executive offices in Vancouver, British Columbia, Canada, and upon information and belief, has been listed as the employer on Plaintiff's wage statements during the relevant time period. US OF ARITZIA INC. does not list a California address with the California Secretary of State; however, upon information and belief employs Plaintiff and the Employees in Los Angeles County, including at Defendants' offices and facilities in Los Angeles, California, and throughout California and Defendants conduct business throughout California.

7. The true names and capacities, whether individual, corporate, associate, or whatever else, of the Defendants sued herein as Does 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sues these Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes and thereon alleges that Defendants designated herein as Does 1 through 50, inclusive, and each of them, are legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend

this Complaint to reflect the true names and capacities of the Defendants designated herein as Does 1 through 50 when their identities become known.

8. Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, that Defendants carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants acted in all respects as the employers or joint employers of Employees. Defendants, and each of them, exercised control over the wages, hours or working conditions of Employees, or suffered or permitted Employees to work, or engaged, thereby creating a common law employment relationship, with Employees. Therefore, Defendants, and each of them, employed or jointly employed Employees.

**JURISDICTION AND VENUE**

9. This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure § 410.10 and California Business & Professions Code § 17203. This Action is brought as a Class Action on behalf of similarly situated Employees of Defendants pursuant to California Code of Civil Procedure § 382. Venue as to Defendants is also proper in this judicial district pursuant to California Code of Civil Procedure § 395 *et seq*. Upon information and belief, the obligations and liabilities giving rise to this lawsuit occurred at least in part in Los Angeles County and Defendants maintain and operate company offices and facilities in Los Angeles County and employ Plaintiff and other Class members in Los Angeles County and throughout California.

**FACTUAL BACKGROUND**

10. The Employees who comprise the Class and Collective, including Plaintiff, are nonexempt employees pursuant to the applicable Wage Order of the IWC. Defendants hire Employees who work in nonexempt positions at the direction of Defendants in the State of California. Plaintiff and the Class members were either not paid by Defendants for all hours worked or were not paid at the appropriate minimum, regular, and overtime rates. Specifically, Plaintiff and Employees were not paid for the time that they worked pre-shift without

compensation, by waiting in line for time clocks to be available. Plaintiff and Employees also worked post-shift by undergoing bag checks. Plaintiff and Employees worked off-the-clock during meal periods, including by undergoing bag checks after clocking out for meal periods. Plaintiff and Employees also worked off-the-clock by answering work related text messages and phone calls from supervisors, clients, and co-workers and scheduling styling appointments with clients. Plaintiff also contends that Defendants failed to pay Plaintiff and the Class members all wages due and owing, and failed to provide timely meal and rest breaks, all in violation of various provisions of the California Labor Code and applicable Wage Orders. Additionally, Defendants paid Plaintiff and Employees nondiscretionary commissions, incentive pay, shift differentials, and/or nondiscretionary bonuses. However, upon information and belief, Defendants failed to incorporate all remunerations, including nondiscretionary commissions, incentive pay, shift differentials, and/or nondiscretionary bonuses, into the calculation of the regular rate of pay for purposes of calculating the overtime wage rate. Therefore, during times when Plaintiff and Employees worked overtime and received nondiscretionary commissions, incentive pay, shift differentials, and/or nondiscretionary bonuses, Defendants failed to pay all overtime wages by paying a lower overtime rate than required. Lastly, Defendants failed to incorporate the prevailing wage rate into the regular rate of pay used to calculate and pay for overtime and double time pay.

11. From at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants paid Plaintiff and Employees nondiscretionary commissions, incentive pay, shift differentials, and/or nondiscretionary bonuses. However, upon information and belief, Defendants failed to incorporate all remunerations, including nondiscretionary commissions, incentive pay, shift differentials, and/or nondiscretionary bonuses, into the calculation of the regular rate of pay for purposes of calculating sick pay. Additionally, Defendants failed to incorporate the prevailing wage rate into the regular rate of pay used to calculate sick pay. Therefore, during times when Plaintiff and Employees worked overtime and received nondiscretionary commissions, incentive pay, shift differentials, nondiscretionary bonuses, and/or prevailing wages, Defendants failed to pay all sick pay by paying a lower overtime rate than required.

12. From at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants paid Plaintiff and Employees nondiscretionary commissions, incentive pay, shift differentials, and/or nondiscretionary bonuses. However, upon information and belief, Defendants failed to incorporate all remunerations, including nondiscretionary commissions, incentive pay, shift differentials, and/or nondiscretionary bonuses, into the calculation of the regular rate of pay for purposes of calculating vacation pay. Additionally, Defendants failed to incorporate the prevailing wage rate into the regular rate of pay used to calculate vacation pay. Therefore, during times when Plaintiff and Employees worked overtime and received nondiscretionary commissions, incentive pay, shift differentials, nondiscretionary bonuses, and/or prevailing wages, Defendants failed to pay all vacation pay by paying a lower overtime rate than required.

13. During the course of Plaintiff and the Class members' employment with Defendants, they were not paid all wages they were owed, including for all work performed and for all overtime hours worked and were forced to work during their meal and rest breaks.

14. As a result, Plaintiff and the Class members worked shifts over eight (8) hours in a day and over forty (40) hours in a work week, but they were not paid at the appropriate overtime rate for all such hours, including by being required to perform work duties and tasks without pay and while off-the-clock. As a result, Plaintiff and the Class members worked substantial overtime hours during their employment with Defendants for which they were not compensated, in violation of the California Labor Code and applicable IWC Wage Orders.

15. As a result of the above described daily work demands, and the other wage violations they endured at Defendants' hands, Plaintiff and the Class members were not properly paid for all wages earned and for all wages owed to them by Defendants, including when working more than eight (8) hours in any given day and/or more than forty (40) hours in any given week. As a result of Defendants' unlawful policies and practices, Plaintiff and Class members incurred overtime hours worked for which they were not adequately and completely compensated. To the extent applicable, Defendants also failed to pay Plaintiff and the Class members at an overtime rate of 1.5 times the regular rate for the first eight hours of the seventh consecutive work day in a

week and overtime payments at the rate of 2 times the regular rate for hours worked over eight (8) on the seventh consecutive work day, as required under the Labor Code, applicable IWC Wage Orders.

16. Therefore, from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants had a consistent policy or practice of failing to pay Employees for all hours worked, and failing to pay minimum wages for all time worked as required by California Law.

17. Additionally from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants had a consistent policy or practice of failing to pay Employees overtime compensation at premium overtime rates for all hours worked in excess of eight (8) hours a day and/or forty (40) hours a week, and double-time rates for all hours worked in excess of twelve (12) hours a day, in violation of Labor Code § 510 and the corresponding sections of IWC Wage Orders.

18. Additionally from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have regularly required Employees to work shifts in excess of five (5) hours without providing them with timely, off-duty, and uninterrupted meal periods due to the pre-shift off-the-clock work alleged above and Defendants' requirement that Employees undergo a bag check after clocking out for their meal period; and without providing them with second meal periods of not less than thirty minutes on shifts in excess of ten hours; nor did Defendants pay Employees "premium pay," i.e. one hour of wages at each Employee's effective regular rate of pay, for each meal period that Defendants failed to provide or deficiently provided. Additionally, upon information and belief, Employees were required to carry radios including during meal breaks.

19. From at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have consistently failed to provide Employees with timely, duty-free paid rest breaks of not less than ten (10) minutes for every work period of four (4) or more consecutive hours; nor did Defendants pay Employees premium pay for each day on which requisite rest breaks were not provided or were deficiently provided at one hour of wages at each Employee's

effective regular rate of pay, for each rest period that Defendants failed to provide or deficiently provided. Additionally, upon information and belief, Employees were required to carry radios including during rest periods.

20. Additionally, from at least four (4) years prior to the filing of this lawsuit, and continuing to the present, Defendants have consistently failed to provide Employees with timely, accurate, and itemized wage statements as required by California wage-and-hour laws. Specifically, Defendants failed in their affirmative obligation to keep accurate records of the correct overtime wages based on proper regular rate calculations that included nondiscretionary commissions, incentive pay, shift differentials, and/or nondiscretionary bonuses earned, and the total amount of compensation of their Employees. Upon information and belief, the wage statements given to Class Members also failed to incorporate the prevailing wage rate into the regular rate of pay used to calculate and pay for overtime, double time, sick pay, vacation pay, and meal and rest break premiums. Furthermore, Employees' wage statements did not include: the total hours worked in violation of Labor Code § 226(a)(2) and failed to accurately set forth all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each such rate in violation of Labor Code § 226(a)(9). Moreover, the wage statements given to Employees by Defendants failed to accurately account for wages, overtime, and premium pay for deficient meal periods and rest breaks all of which Defendants knew or reasonably should have known were owed to Employees, as alleged hereinabove. The wage statements provided to Employees were confusing and required Employees to engage in discovery and refer to outside sources to verify whether their pay was correct, potentially resulting in a miscalculation by the Employees.

21. From at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have failed to reimburse Employees for expenses necessarily incurred in the performance of their job duties for Defendants including, but not limited to, the cost of personal cell phone usage, which were necessary to perform their duties under Defendants' employ in violation of Labor Code § 2802. Additionally, Plaintiff and Employees incurred home internet expenses by completing training videos and accompanying questions at home as required by

Defendants.

22. Additionally, from at least three (3) years prior to the filing of this lawsuit, and continuing to the present, Defendants have consistently failed to keep accurate time and wage records as required by California wage-and-hour laws.

23. Additionally, from at least four (4) years prior to filing of this lawsuit and continuing to the present, Defendants have had a consistent policy of failing to pay all wages fur and owed to Employees at the time of their termination or within seventy-two (72) hours of their resignation, as required by California wage-and-hour laws.

24. In light of the foregoing, Employees bring this action pursuant to, inter alia, Labor Code §§ 201, 202, 203, 204, 210, 218.5, 218.6, 226, 226.3, 226.7, 227.3, 245 *et seq*., 246, 510, 512, 558, 558.1, 1174, 1174.5, 1182.12, 1185, 1194, 1194.2 1197, 1198.5, 1199, and 2802.

25. Furthermore, pursuant to Business and Professions Code §§ 17200-17208, Employees seek injunctive relief, restitution, and disgorgement of all benefits Defendants have enjoyed from their violations of Labor Code.

**CLASS ALLEGATIONS**

26. Plaintiff brings this class action on behalf of herself, and all others similarly situated pursuant to Code of Civil Procedure § 382. Plaintiff seeks to represent a class defined as follows: all non-exempt individuals employed by Defendants, at any time within four (4) years of the filing of this lawsuit, and that have been employed by Defendants within the State of California.

27. Further, Plaintiff seeks to represent the following Subclasses composed of and defined as follows:

a. <u>Subclass 1. Minimum Wages Subclass</u>. All Class members who were not compensated for all hours worked for Defendants at the applicable minimum wage.

b. <u>Subclass 2. Wages and Overtime Subclass</u>. All Class members who were not compensated for all hours worked for Defendants at the required rates of pay, including for all hours worked in excess of eight in a day and/or forty in a week.

c. <u>Subclass 3. Meal Period Subclass</u>. All Class members who were subject to

Defendants' policy and/or practice of failing to provide timely and duty-free meal periods or one hour of pay at the Employee's regular rate of pay in lieu thereof.

d. Subclass 4. Rest Break Subclass. All Class members who were subject to Defendants' policy and/or practice of failing to authorize and permit Employees to take timely, duty-free, 10-minute rest periods for every four hours worked, or major fraction thereof, and failing to pay one hour of pay at the Employee's regular rate of pay in lieu thereof.

e. Subclass 5. Vacation Wages Subclass. All Class members who were not compensated at the Employee's regular rate of pay for their vacation wages.

f. Subclass 6. Sick Pay Subclass. All Class members who were not compensated at the Employee's regular rate of pay for their sick pay wages.

g. Subclass 7. Failure to Reimburse for Necessary Business Expenditures Subclass. All Class members who were subject to Defendants failing to reimburse for expenses necessarily incurred in the performance of Employees job duties for Defendants which were necessary to perform their duties under Defendants' employ.

h. Subclass 8. Payroll Records Subclass. All Class members who were subject to Defendants' policy and/or practice of failing to keep accurate time and wage records as required by California wage-and-hour laws.

i. Subclass 9. Wage Statements Subclass. All Class members who, within the applicable limitations period, were not provided with accurate, itemized wage statements.

j. Subclass 10. UCL Subclass. All Class members who are owed restitution as a result of Defendants' business acts and practices, to the extent such acts and practices are found to be unlawful, deceptive, and/or unfair.

k. Subclass 11. Termination Pay Subclass. All Class members who, within the applicable limitations period, either voluntarily or involuntarily separated from their employment and were subject to Defendants' policy and/or practice of failing to timely pay wages upon termination.

28. Plaintiff reserves the right under California Rule of Court 3.765 to amend or modify the class description with greater particularity or further division into subclasses or

limitation to particular issues.

29. This action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure § 382 because there is a well-defined community of interest in litigation and proposed class is easily ascertainable.

**A. Numerosity**

30. The potential members of the class as defined are so numerous that joinder of all the member of the class is impracticable. While the precise number of class member has not been determined at this time, Plaintiff is informed and believes that Defendants employ or, during the time period relevant to this lawsuit, employed more than 100 individuals within the State of California.

31. Accounting for employee turnover during the relevant time period increases this number substantially. Plaintiff alleges that Defendants' employment records will provide information as to the number and location of all class members.

**B. Commonality**

32. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions of law and fact include:

a. Whether Defendants failed to pay Employees minimum wages;

b. Whether Defendants failed to pay Employees wages for all hours worked;

c. Whether Defendants failed to pay Employees overtime as required under Labor Code § 510;

d. Whether Defendants violated Labor Code §§ 226.7 and 512, and the applicable IWC Wage Orders, by failing to provide Employees with requisite meal periods or premium pay in lieu thereof;

e. Whether Defendants violated Labor Code §§ 226.7, and the applicable IWC Wage Orders, by failing to provide Employees with requisite rest breaks or premium pay in lieu thereof;

f. Whether Defendants failed to pay Employees vacation wages as required under

Labor Code § 227.3;

g. Whether Defendants failed to pay Employees sick pay as required under Labor Code § 245;

h Whether Defendants failed to reimburse Employees for necessary business expenses;

i. Whether Defendants violated Labor Code § 226(a);

j. Whether Defendants violated Labor Code §§ 1174 and 1174.5;

k. Whether Defendants violated Labor Code §§ 201, 202, and 203 by failing to pay wages and compensation due and owing at the time of termination of employment;;

l. Whether Defendants violated Business and Professions Code § 17200 *et seq*.; and

m. Whether Employees are entitled to equitable relief pursuant to Business and Professions Code § 17200 *et seq*.

**C. Typicality**

33. The claims of the named Plaintiff are typical of those of the other Employees. Employees all sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of statutes, as well as regulations that have the force and effect of law, as alleged herein.

**D. Adequacy of Representation**

34. Plaintiff will fairly and adequately represent and protect the interest of Employees. Counsel who represents Employees are experienced and competent in litigating employment class actions.

**E. Superiority of Class Action**

35. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Employees is not practicable, and questions of law and fact common to all Employees predominate over any questions affecting only individual Employees. Each Employee has been damaged and is entitled to recovery by reason of Defendants' illegal policies or practices of failing to compensate Employees properly.

36. Class action treatment will allow those persons similarly situated to litigate their

claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties in managing this case that should preclude class action.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES**

**(Against All Defendants)**

37. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

38. Defendants failed to pay Employees minimum wages for all hours worked. Defendants had a consistent policy of misstating Employees time records and failing to pay Employees for all hours worked. Employees would work hours and not receive wages, including as alleged above in connection with: (1) waiting in line for the time clock to become available prior to clocking in; (2) working post-shift by undergoing bag checks; (3) working off-the-clock during meal periods, including by undergoing bag checks after clocking out for meal periods; (4) and answering work-related phone calls and text messages from supervisors, clients, and coworkers off-the-clock and scheduling styling appointments with clients off-the-clock. Defendants failed to pay Employees for hours worked during alleged meal periods for which Employees were denied. Moreover, Defendants did not pay Plaintiff and Employees at the applicable minimum wage for all hours worked. Defendants' uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the Class as a whole, as a result of implementing a uniform policy and practice that denied accurate compensation to Plaintiff and the other members of the Class as to minimum wage pay.

39. California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage" states:

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

40. The applicable minimum wages fixed by the commission for work during the relevant period is found in the Wage Orders. Pursuant to the Wage Orders, Employees are therefore entitled to double the minimum wage during the relevant period.

41. The minimum wage provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code § 1194(a) which states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

42. As described in California Labor Code §§ 1185 and 1194.2, any action for wages incorporates the applicable Wage Order of the California Industrial Welfare Commission.

43. California Labor Code § 1194.2 also provides for the following remedies:

> In any action under Section 1194 . . . to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

44. Defendants have the ability to pay minimum wages for all time worked and have willfully refused to pay such wages with the intent to secure for Defendants a discount upon this indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud Employees.

45. Wherefore, Employees are entitled to recover the unpaid minimum wages (including double minimum wages), liquidated damages in an amount equal to the minimum wages unlawfully unpaid, interest thereon and reasonable attorney's fees and costs of suit pursuant to California Labor Code § 1194(a).

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY WAGES AND OVERTIME UNDER LABOR CODE § 510**

**(Against All Defendants)**

46. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

47. By their conduct, as set forth herein, Defendants violated California Labor Code § 510 (and the relevant orders of the Industrial Welfare Commission) by failing to pay Employees: (a) time and one-half their regular hourly rates for hours worked in excess of eight (8) hours in a workday or in excess of forty (40) hours in any workweek or for the first eight (8) hours worked on the seventh day of work in any one workweek; or (b) twice their regular rate of pay for hours

worked in excess of twelve (12) hours in any one (1) day or for hours worked in excess of eight (8) hours on any seventh day of work in a workweek. Defendants had a consistent policy of not paying Employees wages for all hours worked including time off the clock working pre-shift by waiting in line for time clocks to become available prior to clocking in. Plaintiff and Employees also worked post-shift by undergoing bag checks and otherwise off-the-clock by answering work-related phone calls and text messages from supervisors, clients, and co-workers and scheduling styling appointments with clients. The uncompensated time also includes the time Employees worked off-the-clock during meal periods, such as by undergoing bag checks after clocking out for their meal periods. Employees regularly worked over 8 hours on a given day without receiving overtime compensation.

48. Furthermore, on information and belief, Defendants did not pay Plaintiff and Employees the correct overtime rate for the recorded overtime hours that they generated. In addition to an hourly wage, Defendants paid Plaintiff and Employees shift differentials, nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses. However, upon information and belief, Defendants failed to incorporate all remunerations, including nondiscretionary commissions, incentive pay, shift differentials, and/or nondiscretionary bonuses, into the calculation of the regular rate of pay for purposes of calculating the overtime wage rate. Additionally, Defendants failed to incorporate the prevailing wage rate into the regular rate of pay used to calculate and pay for overtime and double time pay overtime pay, double pay, sick pay, vacation pay, and meal and rest break premiums.

49. Therefore, during times when Plaintiff and Employees worked overtime and received nondiscretionary commissions, incentive pay, shift differentials, and/or nondiscretionary bonuses, Defendants failed to pay all overtime wages by paying a lower overtime rate than required.

50. Defendants' failure to pay compensation in a timely fashion also constituted a violation of California Labor Code § 204, which requires that all wages shall be paid semimonthly. From four (4) years prior to the filing of this lawsuit to the present, in direct violation of that provision of the California Labor Code, Defendants have failed to pay all wages

and overtime compensation earned by Employees. Each such failure to make a timely payment of compensation to Employees constitutes a separate violation of California Labor Code § 204.

51. Employees have been damaged by these violations of California Labor Code §§ 204 and 510 (and the relevant orders of the Industrial Welfare Commission).

52. Consequently, pursuant to California Labor Code §§ 204, 510, and 1194 (and the relevant orders of the Industrial Welfare Commission), Defendants are liable to Employees for the full amount of all their unpaid wages and overtime compensation, with interest, plus their reasonable attorneys' fees and costs.

**THIRD CAUSE OF ACTION**

**MEAL-PERIOD LIABILITY UNDER LABOR CODE § 226.7**

**(Against All Defendants)**

53. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

54. Employees regularly worked shifts greater than five (5) hours and greater than ten (10) hours. Pursuant to Labor Code § 512 an employer may not employ someone for a shift of more than five (5) hours without providing him or her with a meal period of not less than thirty (30) minutes or for a shift of more than ten (10) hours without providing him or her with a second meal period of not less than thirty (30) minutes.

55. Defendants failed to provide Employees with timely, uninterrupted, and off-duty meal periods as required under the Labor Code. Employees were required to take meal periods after working well beyond the five (5) hour shifts due to the pre-shift off-the-clock work alleged above. Additionally, Employees were required to undergo bag checks after clocking out for their meal periods resulting in short and on-duty meal periods. Furthermore, Employees were regularly required to work for more than 10 hours in a given shift without receiving a second uninterrupted thirty (30) minute meal period as required by law. Additionally, Plaintiff and Employees were interrupted on their meal periods by customers. Lastly, upon information and belief, Employees were required to carry radios, including during meal periods.

56. Moreover, Defendants failed to compensate Employees for each meal period not

provided or inadequately provided, as required under Labor Code § 226.7 and paragraphs 11 and 20 of the applicable IWC Wage Orders, which provide that, if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided. Defendants failed to compensate the Employees in the Class for each meal period not provided or inadequately provided, as required under Labor Code § 226.7 and paragraphs 11 and 20 of the applicable IWC Wage Order. Additionally, as detailed above, when Defendants did pay meal period premiums, they did so at the normal regular rate of pay without factoring in all forms or remuneration/compensation or by otherwise incorrectly calculating the regular rate.

57. Therefore, pursuant to Labor Code § 226.7, Employees are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each meal period not provided or deficiently provided, a sum to be proven at trial.

**FOURTH CAUSE OF ACTION**

**REST-BREAK LIABILITY UNDER LABOR CODE § 226.7**

**(Against All Defendants)**

58. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

59. Employees consistently worked consecutive four (4) hour shifts. Pursuant to the Labor Code and the applicable IWC Wage Order, Employees were entitled to paid rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift.

60. Defendants failed to provide Employees with duty-free rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift. In addition, what rest periods were provided were provided untimely due to the pre-shift off the clock. Lastly, upon information and belief, Employees were required to carry radios including during rest breaks.

61. Moreover, Defendants failed to compensate Employees for each rest period not provided or inadequately provided, as required under Labor Code § 226.7 and the applicable IWC Wage Orders, which provide that, if an employer fails to provide an employee a rest period in accordance with this section, the employer shall pay the employee one hour of pay at the

employee's regular rate of compensation for each workday that the rest period is not provided. Defendants failed to compensate the Employees in the Class for each rest period not provided or inadequately provided, as required under Labor Code § 226.7 and the applicable IWC Wage Order. Additionally, as detailed above, when Defendants did pay rest period premiums, they did so at the normal regular rate of pay without factoring in all forms or remuneration/compensation or by otherwise incorrectly calculating the regular rate.

62. Therefore, pursuant to Labor Code § 226.7, Employees are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each day worked without the required rest breaks, a sum to be proven at trial.

**FIFTH CAUSE OF ACTION**

**FAILURE TO PAY VACATION WAGES**

**(Against All Defendants)**

63. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

64. Pursuant to California Labor Code § 227.3, whenever a contract of employment or employment policy provides for paid vacation and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with said contract of employment or policy respecting eligibility or time served.

65. Defendants paid nondiscretionary commissions, shift differentials, incentive pay, and/or nondiscretionary bonuses to Employees but Defendants failed to include these forms of remuneration in the regular rate of pay upon which vacation wages were calculated and paid. Defendants also failed to incorporate the prevailing wage rate into the regular rate of pay used to calculate and pay vacation wages.

66. Therefore, Plaintiff and Employees seek to recover penalties pursuant to Labor Code § 227.3.

/ / /

/ / /

/ / /

**SIXTH CAUSE OF ACTION**

**FAILURE TO COMPLY WITH LABOR CODE §§ 245 *ET SEQ.* AND 246**

**(Against All Defendants)**

67. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

68. California Labor Code § 245 *et seq.* requires that Defendants provide paid sick time to Employees, including at the amount, terms, and rate of compensation set forth in said law. At times relevant, Defendants have failed to compute the amount due for paid sick time in conformance with the pay calculation under California Labor Code § 246(l).

69. Defendants paid nondiscretionary commissions, shift differentials, incentive pay, and/or nondiscretionary bonuses to Employees but Defendants failed to include these forms of remuneration in the regular rate of pay upon which sick pay was calculated and paid. Defendants also failed to incorporate the prevailing wage rate into the regular rate of pay used to calculate and pay sick pay. Rather than calculating the amount of paid sick time due when sick time is used according to the requirements set forth in California Labor Code § 246(1), Defendants paid sick leave to Employees at a lower rate, in violation of the law.

70. Therefore, Plaintiff and Employees seek to recover penalties pursuant to Labor Code §§ 245 *et seq.* and 246.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 226(a)**

**(Against All Defendants)**

71. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

72. California Labor Code § 226(a) requires an employer to furnish each of his or her employees with an accurate, itemized statement in writing showing the gross and net earnings, total hours worked, and the corresponding number of hours worked at each hourly rate; these statements must be appended to the detachable part of the check, draft, voucher, or whatever else serves to pay the employee's wages; or, if wages are paid by cash or personal check, these

statements may be given to the employee separately from the payment of wages; in either case the employer must give the employee these statements twice a month or each time wages are paid.

73. Defendants failed to provide Employees with accurate itemized wage statements in writing, as required by the Labor Code. Specifically, the wage statements given to Employees, by Defendants, failed to accurately account for wages, overtime, and premium pay for deficient meal periods and rest breaks, all of which Defendants knew or reasonably should have known were owed to Employees, as alleged hereinabove. Additionally, Defendants failed in their affirmative obligation to keep accurate records of the correct overtime wages based on proper regular rate calculations that included nondiscretionary commissions, incentive pay, shift differentials, and/or nondiscretionary bonuses earned, and the total amount of compensation of their Employees. The wage statements given to Class Members by Defendants also failed to incorporate the prevailing wage rate into the regular rate of pay used to calculate and pay for overtime, double time, sick pay, vacation pay, and meal and rest break premiums. Moreover, Employees' wage statements did not include: the total hours worked in violation of Labor Code § 226(a)(2) and failed to accurately set forth all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each such rate in violation of Labor Code § 226(a)(9). The wage statements provided to Employees were confusing and required Employees to engage in discovery and refer to outside sources to verify whether their pay was correct, potentially resulting in a miscalculation by the Employees.

74. As a direct and proximate cause of Defendants' violation of Labor Code § 226(a), Employees suffered injuries, including among other things confusion over whether they received all wages owed them, the difficulty and expense involved in reconstructing pay records, and forcing them to make mathematical computations to analyze whether the wages paid in fact compensated them correctly for all hours worked.

75. Pursuant to Labor Code §§ 226(a) and 226(e), Employees are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000). They are also entitled to an

award of costs and reasonable attorneys' fees.

76. With respect to violations of Labor Code § 226, Labor Code § 226.3 imposes a civil penalty of two hundred and fifty dollars ($250) for initial violations for each employee for each pay period, and one thousand dollars ($1000) for each subsequent violation for each employee for each pay period.

77. Plaintiff is seeking penalties against Defendants under Labor Code § 226.3, and any other applicable statute allowing recovery of penalties as alleged herein in an amount to be shown according to proof.

**EIGHTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE FOR NECESSARY BUSINESS EXPENDITURES**

**IN VIOLATION OF LABOR CODE § 2802**

**(Against All Defendants)**

78. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

79. Under Labor Code § 2802(a) an employer must indemnify its employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

80. Employees incurred necessary expenditures in the performance of their job duties for Defendants, namely the cost of personal cell phone usage, which were necessary to perform their duties under Defendants' employ. Additionally, Plaintiff and Employees incurred home internet expenses by completing training videos and accompanying questions at home as required by Defendants. From four (4) years prior to the original filing of this lawsuit and continuing to the present, Defendants consistently failed to reimburse Employees for these necessarily incurred business expenses.

81. As a result of the unlawful acts of Defendants, Employees have been deprived of reimbursement in amounts to be determined at trial; they are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs.

/ / /

**NINTH CAUSE OF ACTION**

**FAILURE TO KEEP REQUIRED PAYROLL RECORDS UNDER LABOR CODE §§ 1174 AND 1174.5**

**(Against All Defendants)**

82. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

83. California Labor Code § 1174 requires that all employers shall keep accurate time and wage records for all employees. California Labor Code § 1174.5 further requires that any employee suffering injury due to a willful violation of the aforementioned obligations may seek damages, including civil penalties, from the employer.

84. During the course of Plaintiff's and Employees' employment, Defendants consistently failed to maintain accurate time and wage records for Plaintiff and Employees as required by California Labor Code § 1174 by failing to pay Plaintiff and Employees proper wages, overtime, and premium pay as discussed above.

85. Accordingly, Defendants are liable for civil penalties pursuant to the California Labor Code § 1174.5. for the three (3) years prior to the filing of this Complaint.

**TENTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 203**

**(Against All Defendants)**

86. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

87. Numerous Employees are no longer employed by Defendants; they either quit Defendants' employ or were fired therefrom.

88. Defendants failed to pay these Employees all wages due and certain at the time of termination or within seventy-two (72) hours of resignation.

89. The wages withheld from these Employees by Defendants remained due and owing for more than thirty (30) days from the date of separation of employment.

90. Defendants' failure to pay wages, as alleged above, was willful in that Defendants

knew wages to be due but failed to pay them; this violation entitles these Employees to penalties under Labor Code § 203, which provides that an employee's wages shall continue until paid for up to thirty (30) days from the date they were due.

**ELEVENTH CAUSE OF ACTION**

**VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ.***

**(Against All Defendants)**

91. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

92. Plaintiff, on behalf of herself, Employees, and the general public, brings this claim pursuant to Business & Professions Code § 17200 *et seq*. The conduct of Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Employees and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

93. Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, has suffered injury, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

94. Business & Professions Code § 17200 *et seq*. prohibits unlawful and unfair business practices.

95. Wage-and-hour laws express fundamental public policies. Paying employees their wages and overtime, providing them with compliant meal and rest periods, etc., are fundamental public policies of California. Labor Code § 90.5(a) articulates the public policies of this State vigorously to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower costs to themselves by failing to comply with minimum labor standards.

96. Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint, Defendants have acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in

violation of Business & Professions Code § 17200 *et seq*.; which conduct has deprived Plaintiff, and all persons similarly situated, and all interested persons, of the rights, benefits, and privileges guaranteed to all employees under the law.

97. Defendants' conduct, as alleged hereinabove, constitutes unfair competition in violation of the Business & Professions Code § 17200 *et seq*.

98. Defendants, by engaging in the conduct herein alleged, by failing to pay wages and overtime, failing to provide compliant meal and rest periods, etc., either knew or in the exercise of reasonable care should have known that their conduct was unlawful; therefore their conduct violates the Business & Professions Code § 17200 *et seq*.

99. As a proximate result of the above-mentioned acts of Defendants, Employees have been damaged, in a sum to be proven at trial.

100. Unless restrained by this Court, Defendants will continue to engage in such unlawful conduct as alleged above. Pursuant to the Business & Professions Code, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use by Defendants or their agents or employees of any unlawful or deceptive practice prohibited by the Business & Professions Code, including but not limited to the disgorgement of such profits as may be necessary to restore Employees to the money Defendants have unlawfully failed to pay.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for the following relief:

1. For an order certifying this action as a class action;

2. For compensatory damages in the amount of the unpaid minimum wages for work performed by Employees and unpaid overtime compensation from at least four (4) years prior to the filing of this action, as may be proven;

3. For liquidated damages in the amount equal to the unpaid minimum wage and interest thereon, from at least four (4) years prior to the filing of this action, according to proof;

4. For compensatory damages in the amount of the hourly wage made by Employees for each missed or deficient meal period where no premium pay was paid therefor from four (4)

years prior to the filing of this action, as may be proven;

5. For compensatory damages in the amount of the hourly wage made by Employees for each day requisite rest breaks were not provided or were deficiently provided where no premium pay was paid therefor from at least four (4) years prior to the filing of this action, as may be proven;

6. For penalties pursuant to Labor Code § 226(e) for Employees, as may be proven;

7. For penalties pursuant to Labor Code § 226.3, as may be proven;

8. For penalties pursuant to Labor Code § 203 for all Employees who quit or were fired in an amount equal to their daily wage times thirty (30) days, as may be proven;

9. For penalties pursuant to Labor Code § 227.3, as may be proven;

10. For penalties pursuant to Labor Code §§ 245 and 246, as may be proven;

11. For penalties pursuant to Labor Code § 1174.5, as may be proven;

12. For restitution for unfair competition pursuant to Business & Professions Code § 17200 *et seq*., including disgorgement or profits, as may be proven;

13. For compensatory damages in the amount of all previously unreimbursed business expenditures necessarily incurred by Employees in the discharge of their job duties for Defendants from four (4) years prior to the original filing of this action, as may be proven;

14. For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties adumbrated in this Complaint;

15. For all general, special, and incidental damages as may be proven;

16. For an award of pre-judgment and post-judgment interest;

17. For an award providing for the payment of the costs of this suit;

18. For an award of attorneys' fees; and

19. For such other and further relief as this Court may deem proper and just.

/ / /

/ / /

/ / /

DATED: April 10, 2026

D.LAW, INC.

By [signature]

Roman Shkodnik
Emma Geesaman
Attorneys for Plaintiff
MICHAIAH MICAH RAMIREZ
and the putative class

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

DATED: April 10, 2026

D.LAW, INC.

By ______________________

Roman Shkodnik
Emma Geesaman
Attorneys for Plaintiff
MICHAIAH MICAH RAMIREZ
and the putative class

# EXHIBIT B

Roman Shkodnik, Esq. (SBN 285152)
Emma Geesaman, Esq. (SBN 352715)
D.LAW, INC.
250 N Madison Avenue, 2nd Floor
Pasadena, CA 91101-1639
Tel.: (818) 962-6465 / Fax: (818) 962-6469
Emails: R.Shkodnik@d.law, E.Geesaman@d.law

Attorneys for Plaintiffs MICHAIAH MICAH RAMIREZ and JAIDA JEROTZ on behalf of themselves and others similarly situated

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

MICHAIAH MICAH RAMIREZ, on behalf of herself and others similarly situated,

Plaintiff,

vs.

UNITED STATES OF ARITZIA INC. dba ARITZIA, a Delaware corporation; US OF ARITZIA INC, an entity of unknown form; and DOES 1 through 50, inclusive,

Defendants.

Case No. 26STCV11680

CLASS ACTION

Assigned for All Purposes To:
Hon. Theresa M. Traber
Dept.: 1

**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**

1. Failure to Pay Minimum Wages;
2. Failure to Pay Wages and Overtime Under Labor Code § 510;
3. Meal-Period Liability Under Labor Code § 226.7;
4. Rest-Break Liability Under Labor Code § 226.7;
5. Failure to Pay Vacation Wages;
6. Failure to Comply with Labor Code §§ 245 *et seq.* and 246;
7. Violation of Labor Code § 226(a);
8. Reimbursement of Necessary Expenditures Under Labor Code § 2802;
9. Failure to Keep Required Payroll Records Under Labor Code §§ 1174 and 1174.5;
10. Penalties Pursuant to Labor Code § 203; and
11. Violation of Business & Professions Code § 17200 *et seq*.

**DEMAND FOR JURY TRIAL**

Plaintiffs Michaiah Micah Ramirez ("Plaintiff Ramirez") and Jaida Jerotz ("Plaintiff Jerotz") (collectively referred to herein as "Plaintiffs") on behalf of themselves and all others similarly situated (collectively, "Employees"; individually, "Employee") complains of Defendants, and each of them, as follows:

**INTRODUCTION**

1. Plaintiffs bring this action on behalf of themselves and all current and former Employees within the State of California who, at any time four (4) years prior to the filing of this lawsuit, are or were employed as non-exempt, hourly employees by UNITED STATES OF ARITZIA INC. dba ARITZIA, a Delaware corporation; US OF ARITZIA INC, an entity of unknown form; and DOES 1 through 50 (all defendants being collectively referred to herein as "Defendants"). Plaintiffs allege that Defendants, and each of them, violated various provisions of the California Labor Code and relevant orders of the Industrial Welfare Commission (IWC) and California Business & Professions Code, and seeks redress, therefore.

2. Plaintiffs are residents of California and during the time period relevant to this Complaint were employed by Defendants as a non-exempt hourly employees within the State of California at Defendants' facilities and offices in California. Plaintiffs and the other Class members worked for Defendants in Los Angeles County, and in other nonexempt positions, throughout California, and consistently worked at Defendants' behest without being paid all wages due. More specifically, Plaintiffs and the other similarly situated Class members were employed by Defendants and worked at Defendants' offices and other facilities where the conduct giving rise to the allegations in this Class Action Complaint occurred. Upon information and belief, Plaintiffs were employed by Defendants and (1) shared similar job duties and responsibilities, (2) were subjected to the same policies and practices, and (3) endured similar violations at the hands of Defendants as the other Employee Class members who served in similar and related positions.

3. Defendants required Plaintiffs and the Employees in the Class to perform work while remaining under Defendants' control before and after being on the clock and during their meal and rest breaks. Defendants thus failed to pay Plaintiffs and the Class members for all hours worked. Defendants also failed to provide Plaintiffs and the Class with lawful meal and rest

periods, as employees were not provided with the opportunity to take timely and duty-free meal and rest periods as required by the Labor Code.

**THE PARTIES**

**A. The Plaintiffs**

4. Plaintiff MICHAIAH MICAH RAMIREZ has resided in California and during the time period relevant to this Complaint was employed by Defendants as a non-exempt hourly employee within the State of California.

5. Plaintiff JAIDA JEROTZ has resided in California and during the time period relevant to this Complaint was employed by Defendants as a non-exempt hourly employee within the State of California.

**B. The Defendants**

6. Defendant UNITED STATES OF ARITZIA INC. dba ARITZIA is a Delaware corporation with its principle executive offices in Vancouver, British Columbia, Canada, and upon information and belief, has been Plaintiffs' employer during the relevant time period. UNITED STATES OF ARITZIA INC. dba ARITZIA does not list a California address with the California Secretary of State; however, upon information and belief employs Plaintiffs and the Employees in Los Angeles County, including at Defendants' offices and facilities in Los Angeles, California, and throughout California and Defendants conduct business throughout California.

7. Defendant US OF ARITZIA INC is an entity of unknown form with its principle executive offices in Vancouver, British Columbia, Canada, and upon information and belief, has been listed as the employer on Plaintiffs' wage statements during the relevant time period. US OF ARITZIA INC. does not list a California address with the California Secretary of State; however, upon information and belief employs Plaintiffs and the Employees in Los Angeles County, including at Defendants' offices and facilities in Los Angeles, California, and throughout California and Defendants conduct business throughout California.

8. The true names and capacities, whether individual, corporate, associate, or whatever else, of the Defendants sued herein as Does 1 through 50, inclusive, are currently unknown to Plaintiffs, who therefore sues these Defendants by such fictitious names under Code

of Civil Procedure § 474. Plaintiffs are informed and believe and thereon allege that Defendants designated herein as Does 1 through 50, inclusive, and each of them, are legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated herein as Does 1 through 50 when their identities become known.

9. Plaintiffs are informed and believe and thereon allege that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, that Defendants carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants acted in all respects as the employers or joint employers of Employees. Defendants, and each of them, exercised control over the wages, hours or working conditions of Employees, or suffered or permitted Employees to work, or engaged, thereby creating a common law employment relationship, with Employees. Therefore, Defendants, and each of them, employed or jointly employed Employees.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure § 410.10 and California Business & Professions Code § 17203. This Action is brought as a Class Action on behalf of similarly situated Employees of Defendants pursuant to California Code of Civil Procedure § 382. Venue as to Defendants is also proper in this judicial district pursuant to California Code of Civil Procedure § 395 *et seq*. Upon information and belief, the obligations and liabilities giving rise to this lawsuit occurred at least in part in Los Angeles County and Defendants maintain and operate company offices and facilities in Los Angeles County and employ Plaintiffs and other Class members in Los Angeles County and throughout California.

## FACTUAL BACKGROUND

11. The Employees who comprise the Class and Collective, including Plaintiffs, are nonexempt employees pursuant to the applicable Wage Order of the IWC. Defendants hire Employees who work in nonexempt positions at the direction of Defendants in the State of

California. Plaintiffs and the Class members were either not paid by Defendants for all hours worked or were not paid at the appropriate minimum, regular, and overtime rates. Specifically, Plaintiffs and Employees were not paid for the time that they worked pre-shift without compensation, by waiting for management to complete opening procedures, including disarming the security alarm and turning on the lights and undergoing COVID-19 temperature checks prior to clocking in and waiting in line for time clocks to be available. Plaintiffs and Employees also worked post-shift by undergoing bag checks and waiting for management to lock up the store after clocking out. Plaintiffs and Employees worked off-the-clock during meal periods, including by undergoing bag checks after clocking out for meal periods. Plaintiff Ramirez and Employees also worked off-the-clock by answering work related text messages and phone calls from supervisors, clients, and co-workers and scheduling styling appointments with clients. Plaintiffs also contends that Defendants failed to pay Plaintiffs and the Class members all wages due and owing, and failed to provide timely meal and rest breaks, all in violation of various provisions of the California Labor Code and applicable Wage Orders. Additionally, Defendants paid Plaintiffs and Employees nondiscretionary commissions, incentive pay, shift differentials, and/or nondiscretionary bonuses. However, upon information and belief, Defendants failed to incorporate all remunerations, including nondiscretionary commissions, incentive pay, shift differentials, and/or nondiscretionary bonuses, into the calculation of the regular rate of pay for purposes of calculating the overtime wage rate. Therefore, during times when Plaintiffs and Employees worked overtime and received nondiscretionary commissions, incentive pay, shift differentials, and/or nondiscretionary bonuses, Defendants failed to pay all overtime wages by paying a lower overtime rate than required. Lastly, Defendants failed to incorporate the prevailing wage rate into the regular rate of pay used to calculate and pay for overtime and double time pay.

12. From at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants paid Plaintiffs and Employees nondiscretionary commissions, incentive pay, shift differentials, and/or nondiscretionary bonuses. However, upon information and belief, Defendants failed to incorporate all remunerations, including nondiscretionary commissions, incentive pay, shift differentials, and/or nondiscretionary bonuses, into the calculation of the

regular rate of pay for purposes of calculating sick pay. Additionally, Defendants failed to incorporate the prevailing wage rate into the regular rate of pay used to calculate sick pay. Therefore, during times when Plaintiffs and Employees worked overtime and received nondiscretionary commissions, incentive pay, shift differentials, nondiscretionary bonuses, and/or prevailing wages, Defendants failed to pay all sick pay by paying a lower overtime rate than required.

13. From at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants paid Plaintiffs and Employees nondiscretionary commissions, incentive pay, shift differentials, and/or nondiscretionary bonuses. However, upon information and belief, Defendants failed to incorporate all remunerations, including nondiscretionary commissions, incentive pay, shift differentials, and/or nondiscretionary bonuses, into the calculation of the regular rate of pay for purposes of calculating vacation pay. Additionally, Defendants failed to incorporate the prevailing wage rate into the regular rate of pay used to calculate vacation pay. Therefore, during times when Plaintiffs and Employees worked overtime and received nondiscretionary commissions, incentive pay, shift differentials, nondiscretionary bonuses, and/or prevailing wages, Defendants failed to pay all vacation pay by paying a lower overtime rate than required.

14. During the course of Plaintiffs and the Class members' employment with Defendants, they were not paid all wages they were owed, including for all work performed and for all overtime hours worked and were forced to work during their meal and rest breaks.

15. As a result, Plaintiffs and the Class members worked shifts over eight (8) hours in a day and over forty (40) hours in a work week, but they were not paid at the appropriate overtime rate for all such hours, including by being required to perform work duties and tasks without pay and while off-the-clock. As a result, Plaintiffs and the Class members worked substantial overtime hours during their employment with Defendants for which they were not compensated, in violation of the California Labor Code and applicable IWC Wage Orders.

16. As a result of the above described daily work demands, and the other wage violations they endured at Defendants' hands, Plaintiffs and the Class members were not properly

paid for all wages earned and for all wages owed to them by Defendants, including when working more than eight (8) hours in any given day and/or more than forty (40) hours in any given week. As a result of Defendants' unlawful policies and practices, Plaintiffs and Class members incurred overtime hours worked for which they were not adequately and completely compensated. To the extent applicable, Defendants also failed to pay Plaintiffs and the Class members at an overtime rate of 1.5 times the regular rate for the first eight hours of the seventh consecutive work day in a week and overtime payments at the rate of 2 times the regular rate for hours worked over eight (8) on the seventh consecutive work day, as required under the Labor Code, applicable IWC Wage Orders.

17. Therefore, from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants had a consistent policy or practice of failing to pay Employees for all hours worked, and failing to pay minimum wages for all time worked as required by California Law.

18. Additionally from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants had a consistent policy or practice of failing to pay Employees overtime compensation at premium overtime rates for all hours worked in excess of eight (8) hours a day and/or forty (40) hours a week, and double-time rates for all hours worked in excess of twelve (12) hours a day, in violation of Labor Code § 510 and the corresponding sections of IWC Wage Orders.

19. Additionally from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have regularly required Employees to work shifts in excess of five (5) hours without providing them with timely, off-duty, and uninterrupted meal periods due to the pre-shift off-the-clock work alleged above and Defendants' requirement that Employees undergo a bag check after clocking out for their meal period; and without providing them with second meal periods of not less than thirty minutes on shifts in excess of ten hours; nor did Defendants pay Employees "premium pay," i.e. one hour of wages at each Employee's effective regular rate of pay, for each meal period that Defendants failed to provide or deficiently provided. Additionally, upon information and belief, Employees were required to carry radios including

during meal breaks.

20. From at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have consistently failed to provide Employees with timely, duty-free paid rest breaks of not less than ten (10) minutes for every work period of four (4) or more consecutive hours; nor did Defendants pay Employees premium pay for each day on which requisite rest breaks were not provided or were deficiently provided at one hour of wages at each Employee's effective regular rate of pay, for each rest period that Defendants failed to provide or deficiently provided. Additionally, upon information and belief, Employees were required to carry radios including during rest periods.

21. Additionally, from at least four (4) years prior to the filing of this lawsuit, and continuing to the present, Defendants have consistently failed to provide Employees with timely, accurate, and itemized wage statements as required by California wage-and-hour laws. Specifically, Defendants failed in their affirmative obligation to keep accurate records of the correct overtime wages based on proper regular rate calculations that included nondiscretionary commissions, incentive pay, shift differentials, and/or nondiscretionary bonuses earned, and the total amount of compensation of their Employees. Upon information and belief, the wage statements given to Class Members also failed to incorporate the prevailing wage rate into the regular rate of pay used to calculate and pay for overtime, double time, sick pay, vacation pay, and meal and rest break premiums. Furthermore, Employees' wage statements did not include: the total hours worked in violation of Labor Code § 226(a)(2) and failed to accurately set forth all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each such rate in violation of Labor Code § 226(a)(9). Moreover, the wage statements given to Employees by Defendants failed to accurately account for wages, overtime, and premium pay for deficient meal periods and rest breaks all of which Defendants knew or reasonably should have known were owed to Employees, as alleged hereinabove. The wage statements provided to Employees were confusing and required Employees to engage in discovery and refer to outside sources to verify whether their pay was correct, potentially resulting in a miscalculation by the Employees.

22. From at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have failed to reimburse Employees for expenses necessarily incurred in the performance of their job duties for Defendants including, but not limited to, the cost of personal cell phone usage, which were necessary to perform their duties under Defendants' employ in violation of Labor Code § 2802. Additionally, Plaintiff Ramirez and Employees incurred home internet expenses by completing training videos and accompanying questions at home as required by Defendants.

23. Additionally, from at least three (3) years prior to the filing of this lawsuit, and continuing to the present, Defendants have consistently failed to keep accurate time and wage records as required by California wage-and-hour laws.

24. Additionally, from at least four (4) years prior to filing of this lawsuit and continuing to the present, Defendants have had a consistent policy of failing to pay all wages fur and owed to Employees at the time of their termination or within seventy-two (72) hours of their resignation, as required by California wage-and-hour laws.

25. In light of the foregoing, Employees bring this action pursuant to, inter alia, Labor Code §§ 201, 202, 203, 204, 210, 218.5, 218.6, 226, 226.3, 226.7, 227.3, 245 *et seq*., 246, 510, 512, 558, 558.1, 1174, 1174.5, 1182.12, 1185, 1194, 1194.2 1197, 1198.5, 1199, and 2802.

26. Furthermore, pursuant to Business and Professions Code §§ 17200-17208, Employees seek injunctive relief, restitution, and disgorgement of all benefits Defendants have enjoyed from their violations of Labor Code.

## CLASS ALLEGATIONS

27. Plaintiffs brings this class action on behalf of themselves, and all others similarly situated pursuant to Code of Civil Procedure § 382. Plaintiffs seek to represent a class defined as follows: all non-exempt individuals employed by Defendants, at any time within four (4) years of the filing of this lawsuit, and that have been employed by Defendants within the State of California.

28. Further, Plaintiff Ramirez seeks to represent the following Subclasses composed of and defined as follows:

a. Subclass 1. Minimum Wages Subclass. All Class members who were not compensated for all hours worked for Defendants at the applicable minimum wage.

b. Subclass 2. Wages and Overtime Subclass. All Class members who were not compensated for all hours worked for Defendants at the required rates of pay, including for all hours worked in excess of eight in a day and/or forty in a week.

c. Subclass 3. Meal Period Subclass. All Class members who were subject to Defendants' policy and/or practice of failing to provide timely and duty-free meal periods or one hour of pay at the Employee's regular rate of pay in lieu thereof.

d. Subclass 4. Rest Break Subclass. All Class members who were subject to Defendants' policy and/or practice of failing to authorize and permit Employees to take timely, duty-free, 10-minute rest periods for every four hours worked, or major fraction thereof, and failing to pay one hour of pay at the Employee's regular rate of pay in lieu thereof.

e. Subclass 5. Vacation Wages Subclass. All Class members who were not compensated at the Employee's regular rate of pay for their vacation wages.

f. Subclass 6. Sick Pay Subclass. All Class members who were not compensated at the Employee's regular rate of pay for their sick pay wages.

g. Subclass 7. Failure to Reimburse for Necessary Business Expenditures Subclass. All Class members who were subject to Defendants failing to reimburse for expenses necessarily incurred in the performance of Employees job duties for Defendants which were necessary to perform their duties under Defendants' employ.

h. Subclass 8. Payroll Records Subclass. All Class members who were subject to Defendants' policy and/or practice of failing to keep accurate time and wage records as required by California wage-and-hour laws.

i. Subclass 9. Wage Statements Subclass. All Class members who, within the applicable limitations period, were not provided with accurate, itemized wage statements.

j. Subclass 10. Termination Pay Subclass. All Class members who, within the applicable limitations period, either voluntarily or involuntarily separated from their employment

and were subject to Defendants' policy and/or practice of failing to timely pay wages upon termination.

29. Further, Plaintiffs seek to represent the following Subclasses composed of and defined as follows:

a. Subclass 11. UCL Subclass. All Class members who are owed restitution as a result of Defendants' business acts and practices, to the extent such acts and practices are found to be unlawful, deceptive, and/or unfair.

30. Plaintiffs reserve the right under California Rule of Court 3.765 to amend or modify the class description with greater particularity or further division into subclasses or limitation to particular issues.

31. This action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure § 382 because there is a well-defined community of interest in litigation and proposed class is easily ascertainable.

**A. Numerosity**

32. The potential members of the class as defined are so numerous that joinder of all the member of the class is impracticable. While the precise number of class member has not been determined at this time, Plaintiffs are informed and believe that Defendants employ or, during the time period relevant to this lawsuit, employed more than 100 individuals within the State of California.

33. Accounting for employee turnover during the relevant time period increases this number substantially. Plaintiffs allege that Defendants' employment records will provide information as to the number and location of all class members.

**B. Commonality**

34. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions of law and fact include:

a. Whether Defendants failed to pay Employees minimum wages;

b. Whether Defendants failed to pay Employees wages for all hours worked;

c. Whether Defendants failed to pay Employees overtime as required under Labor Code § 510;

d. Whether Defendants violated Labor Code §§ 226.7 and 512, and the applicable IWC Wage Orders, by failing to provide Employees with requisite meal periods or premium pay in lieu thereof;

e. Whether Defendants violated Labor Code §§ 226.7, and the applicable IWC Wage Orders, by failing to provide Employees with requisite rest breaks or premium pay in lieu thereof;

f. Whether Defendants failed to pay Employees vacation wages as required under Labor Code § 227.3;

g. Whether Defendants failed to pay Employees sick pay as required under Labor Code § 245;

h Whether Defendants failed to reimburse Employees for necessary business expenses;

i. Whether Defendants violated Labor Code § 226(a);

j. Whether Defendants violated Labor Code §§ 1174 and 1174.5;

k. Whether Defendants violated Labor Code §§ 201, 202, and 203 by failing to pay wages and compensation due and owing at the time of termination of employment;;

l. Whether Defendants violated Business and Professions Code § 17200 *et seq*.; and

m. Whether Employees are entitled to equitable relief pursuant to Business and Professions Code § 17200 *et seq*.

**C. Typicality**

35. The claims of the named Plaintiffs are typical of those of the other Employees. Employees all sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of statutes, as well as regulations that have the force and effect of law, as alleged herein.

**D. Adequacy of Representation**

36. Plaintiffs will fairly and adequately represent and protect the interest of Employees.

Counsel who represents Employees are experienced and competent in litigating employment class actions.

**E. Superiority of Class Action**

37. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Employees is not practicable, and questions of law and fact common to all Employees predominate over any questions affecting only individual Employees. Each Employee has been damaged and is entitled to recovery by reason of Defendants' illegal policies or practices of failing to compensate Employees properly.

38. Class action treatment will allow those persons similarly situated to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties in managing this case that should preclude class action.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES**

**(Against All Defendants)**

39. Plaintiff Ramirez re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

40. Defendants failed to pay Employees minimum wages for all hours worked. Defendants had a consistent policy of misstating Employees time records and failing to pay Employees for all hours worked. Employees would work hours and not receive wages, including as alleged above in connection with: (1) waiting in line for the time clock to become available prior to clocking in; (2) working post-shift by undergoing bag checks; (3) working off-the-clock during meal periods, including by undergoing bag checks after clocking out for meal periods; (4) and answering work-related phone calls and text messages from supervisors, clients, and coworkers off-the-clock and scheduling styling appointments with clients off-the-clock. Defendants failed to pay Employees for hours worked during alleged meal periods for which Employees were denied. Moreover, Defendants did not pay Plaintiff Ramirez and Employees at the applicable minimum wage for all hours worked. Defendants' uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the Class as a whole, as a

result of implementing a uniform policy and practice that denied accurate compensation to Plaintiff Ramirez and the other members of the Class as to minimum wage pay.

41. California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage" states:

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

42. The applicable minimum wages fixed by the commission for work during the relevant period is found in the Wage Orders. Pursuant to the Wage Orders, Employees are therefore entitled to double the minimum wage during the relevant period.

43. The minimum wage provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code § 1194(a) which states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

44. As described in California Labor Code §§ 1185 and 1194.2, any action for wages incorporates the applicable Wage Order of the California Industrial Welfare Commission.

45. California Labor Code § 1194.2 also provides for the following remedies:

> In any action under Section 1194 . . . to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

46. Defendants have the ability to pay minimum wages for all time worked and have willfully refused to pay such wages with the intent to secure for Defendants a discount upon this indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud Employees.

47. Wherefore, Employees are entitled to recover the unpaid minimum wages (including double minimum wages), liquidated damages in an amount equal to the minimum wages unlawfully unpaid, interest thereon and reasonable attorney's fees and costs of suit pursuant to California Labor Code § 1194(a).

/ / /

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY WAGES AND OVERTIME UNDER LABOR CODE § 510**

**(Against All Defendants)**

48. Plaintiff Ramirez re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

49. By their conduct, as set forth herein, Defendants violated California Labor Code § 510 (and the relevant orders of the Industrial Welfare Commission) by failing to pay Employees: (a) time and one-half their regular hourly rates for hours worked in excess of eight (8) hours in a workday or in excess of forty (40) hours in any workweek or for the first eight (8) hours worked on the seventh day of work in any one workweek; or (b) twice their regular rate of pay for hours worked in excess of twelve (12) hours in any one (1) day or for hours worked in excess of eight (8) hours on any seventh day of work in a workweek. Defendants had a consistent policy of not paying Employees wages for all hours worked including time off the clock working pre-shift by waiting in line for time clocks to become available prior to clocking in. Plaintiff Ramirez and Employees also worked post-shift by undergoing bag checks and otherwise off-the-clock by answering work-related phone calls and text messages from supervisors, clients, and co-workers and scheduling styling appointments with clients. The uncompensated time also includes the time Employees worked off-the-clock during meal periods, such as by undergoing bag checks after clocking out for their meal periods. Employees regularly worked over 8 hours on a given day without receiving overtime compensation.

50. Furthermore, on information and belief, Defendants did not pay Plaintiff Ramirez and Employees the correct overtime rate for the recorded overtime hours that they generated. In addition to an hourly wage, Defendants paid Plaintiff Ramirez and Employees shift differentials, nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses. However, upon information and belief, Defendants failed to incorporate all remunerations, including nondiscretionary commissions, incentive pay, shift differentials, and/or nondiscretionary bonuses, into the calculation of the regular rate of pay for purposes of calculating the overtime wage rate. Additionally, Defendants failed to incorporate the prevailing wage rate into the regular

rate of pay used to calculate and pay for overtime and double time pay overtime pay, double pay, sick pay, vacation pay, and meal and rest break premiums.

51. Therefore, during times when Plaintiff Ramirez and Employees worked overtime and received nondiscretionary commissions, incentive pay, shift differentials, and/or nondiscretionary bonuses, Defendants failed to pay all overtime wages by paying a lower overtime rate than required.

52. Defendants' failure to pay compensation in a timely fashion also constituted a violation of California Labor Code § 204, which requires that all wages shall be paid semimonthly. From four (4) years prior to the filing of this lawsuit to the present, in direct violation of that provision of the California Labor Code, Defendants have failed to pay all wages and overtime compensation earned by Employees. Each such failure to make a timely payment of compensation to Employees constitutes a separate violation of California Labor Code § 204.

53. Employees have been damaged by these violations of California Labor Code §§ 204 and 510 (and the relevant orders of the Industrial Welfare Commission).

54. Consequently, pursuant to California Labor Code §§ 204, 510, and 1194 (and the relevant orders of the Industrial Welfare Commission), Defendants are liable to Employees for the full amount of all their unpaid wages and overtime compensation, with interest, plus their reasonable attorneys' fees and costs.

**THIRD CAUSE OF ACTION**

**MEAL-PERIOD LIABILITY UNDER LABOR CODE § 226.7**

**(Against All Defendants)**

55. Plaintiff Ramirez re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

56. Employees regularly worked shifts greater than five (5) hours and greater than ten (10) hours. Pursuant to Labor Code § 512 an employer may not employ someone for a shift of more than five (5) hours without providing him or her with a meal period of not less than thirty (30) minutes or for a shift of more than ten (10) hours without providing him or her with a second meal period of not less than thirty (30) minutes.

57. Defendants failed to provide Employees with timely, uninterrupted, and off-duty meal periods as required under the Labor Code. Employees were required to take meal periods after working well beyond the five (5) hour shifts due to the pre-shift off-the-clock work alleged above. Additionally, Employees were required to undergo bag checks after clocking out for their meal periods resulting in short and on-duty meal periods. Furthermore, Employees were regularly required to work for more than 10 hours in a given shift without receiving a second uninterrupted thirty (30) minute meal period as required by law. Additionally, Plaintiff Ramirez and Employees were interrupted on their meal periods by customers. Lastly, upon information and belief, Employees were required to carry radios, including during meal periods.

58. Moreover, Defendants failed to compensate Employees for each meal period not provided or inadequately provided, as required under Labor Code § 226.7 and paragraphs 11 and 20 of the applicable IWC Wage Orders, which provide that, if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided. Defendants failed to compensate the Employees in the Class for each meal period not provided or inadequately provided, as required under Labor Code § 226.7 and paragraphs 11 and 20 of the applicable IWC Wage Order. Additionally, as detailed above, when Defendants did pay meal period premiums, they did so at the normal regular rate of pay without factoring in all forms or remuneration/compensation or by otherwise incorrectly calculating the regular rate.

59. Therefore, pursuant to Labor Code § 226.7, Employees are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each meal period not provided or deficiently provided, a sum to be proven at trial.

**FOURTH CAUSE OF ACTION**

**REST-BREAK LIABILITY UNDER LABOR CODE § 226.7**

**(Against All Defendants)**

60. Plaintiff Ramirez re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

61. Employees consistently worked consecutive four (4) hour shifts. Pursuant to the

Labor Code and the applicable IWC Wage Order, Employees were entitled to paid rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift.

62. Defendants failed to provide Employees with duty-free rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift. In addition, what rest periods were provided were provided untimely due to the pre-shift off the clock. Lastly, upon information and belief, Employees were required to carry radios including during rest breaks.

63. Moreover, Defendants failed to compensate Employees for each rest period not provided or inadequately provided, as required under Labor Code § 226.7 and the applicable IWC Wage Orders, which provide that, if an employer fails to provide an employee a rest period in accordance with this section, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided. Defendants failed to compensate the Employees in the Class for each rest period not provided or inadequately provided, as required under Labor Code § 226.7 and the applicable IWC Wage Order. Additionally, as detailed above, when Defendants did pay rest period premiums, they did so at the normal regular rate of pay without factoring in all forms or remuneration/compensation or by otherwise incorrectly calculating the regular rate.

64. Therefore, pursuant to Labor Code § 226.7, Employees are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each day worked without the required rest breaks, a sum to be proven at trial.

**FIFTH CAUSE OF ACTION**

**FAILURE TO PAY VACATION WAGES**

**(Against All Defendants)**

65. Plaintiff Ramirez re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

66. Pursuant to California Labor Code § 227.3, whenever a contract of employment or employment policy provides for paid vacation and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to her as wages at her final rate in accordance with said contract of employment or policy respecting eligibility or time served.

67. Defendants paid nondiscretionary commissions, shift differentials, incentive pay, and/or nondiscretionary bonuses to Employees but Defendants failed to include these forms of remuneration in the regular rate of pay upon which vacation wages were calculated and paid. Defendants also failed to incorporate the prevailing wage rate into the regular rate of pay used to calculate and pay vacation wages.

68. Therefore, Plaintiff Ramirez and Employees seek to recover penalties pursuant to Labor Code § 227.3.

**SIXTH CAUSE OF ACTION**

**FAILURE TO COMPLY WITH LABOR CODE §§ 245 *ET SEQ.* AND 246**

**(Against All Defendants)**

69. Plaintiff Ramirez re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

70. California Labor Code § 245 *et seq.* requires that Defendants provide paid sick time to Employees, including at the amount, terms, and rate of compensation set forth in said law. At times relevant, Defendants have failed to compute the amount due for paid sick time in conformance with the pay calculation under California Labor Code § 246(l).

71. Defendants paid nondiscretionary commissions, shift differentials, incentive pay, and/or nondiscretionary bonuses to Employees but Defendants failed to include these forms of remuneration in the regular rate of pay upon which sick pay was calculated and paid. Defendants also failed to incorporate the prevailing wage rate into the regular rate of pay used to calculate and pay sick pay. Rather than calculating the amount of paid sick time due when sick time is used according to the requirements set forth in California Labor Code § 246(1), Defendants paid sick leave to Employees at a lower rate, in violation of the law.

72. Therefore, Plaintiff Ramirez and Employees seek to recover penalties pursuant to Labor Code §§ 245 *et seq.* and 246.

/ / /

/ / /

/ / /

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 226(a)**

**(Against All Defendants)**

73. Plaintiff Ramirez re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

74. California Labor Code § 226(a) requires an employer to furnish each of his or her employees with an accurate, itemized statement in writing showing the gross and net earnings, total hours worked, and the corresponding number of hours worked at each hourly rate; these statements must be appended to the detachable part of the check, draft, voucher, or whatever else serves to pay the employee's wages; or, if wages are paid by cash or personal check, these statements may be given to the employee separately from the payment of wages; in either case the employer must give the employee these statements twice a month or each time wages are paid.

75. Defendants failed to provide Employees with accurate itemized wage statements in writing, as required by the Labor Code. Specifically, the wage statements given to Employees, by Defendants, failed to accurately account for wages, overtime, and premium pay for deficient meal periods and rest breaks, all of which Defendants knew or reasonably should have known were owed to Employees, as alleged hereinabove. Additionally, Defendants failed in their affirmative obligation to keep accurate records of the correct overtime wages based on proper regular rate calculations that included nondiscretionary commissions, incentive pay, shift differentials, and/or nondiscretionary bonuses earned, and the total amount of compensation of their Employees. The wage statements given to Class Members by Defendants also failed to incorporate the prevailing wage rate into the regular rate of pay used to calculate and pay for overtime, double time, sick pay, vacation pay, and meal and rest break premiums. Moreover, Employees' wage statements did not include: the total hours worked in violation of Labor Code § 226(a)(2) and failed to accurately set forth all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each such rate in violation of Labor Code § 226(a)(9). The wage statements provided to Employees were confusing and required Employees to engage in discovery and refer to outside sources to verify whether their pay was correct, potentially resulting in a miscalculation

by the Employees.

76. As a direct and proximate cause of Defendants' violation of Labor Code § 226(a), Employees suffered injuries, including among other things confusion over whether they received all wages owed them, the difficulty and expense involved in reconstructing pay records, and forcing them to make mathematical computations to analyze whether the wages paid in fact compensated them correctly for all hours worked.

77. Pursuant to Labor Code §§ 226(a) and 226(e), Employees are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000). They are also entitled to an award of costs and reasonable attorneys' fees.

78. With respect to violations of Labor Code § 226, Labor Code § 226.3 imposes a civil penalty of two hundred and fifty dollars ($250) for initial violations for each employee for each pay period, and one thousand dollars ($1000) for each subsequent violation for each employee for each pay period.

79. Plaintiff Ramirez is seeking penalties against Defendants under Labor Code § 226.3, and any other applicable statute allowing recovery of penalties as alleged herein in an amount to be shown according to proof.

**EIGHTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE FOR NECESSARY BUSINESS EXPENDITURES**

**IN VIOLATION OF LABOR CODE § 2802**

**(Against All Defendants)**

80. Plaintiff Ramirez re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

81. Under Labor Code § 2802(a) an employer must indemnify its employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

82. Employees incurred necessary expenditures in the performance of their job duties

for Defendants, namely the cost of personal cell phone usage, which were necessary to perform their duties under Defendants' employ. Additionally, Plaintiff Ramirez and Employees incurred home internet expenses by completing training videos and accompanying questions at home as required by Defendants. From four (4) years prior to the original filing of this lawsuit and continuing to the present, Defendants consistently failed to reimburse Employees for these necessarily incurred business expenses.

83. As a result of the unlawful acts of Defendants, Employees have been deprived of reimbursement in amounts to be determined at trial; they are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs.

**NINTH CAUSE OF ACTION**

**FAILURE TO KEEP REQUIRED PAYROLL RECORDS UNDER LABOR CODE §§ 1174 AND 1174.5**

**(Against All Defendants)**

84. Plaintiff Ramirez re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

85. California Labor Code § 1174 requires that all employers shall keep accurate time and wage records for all employees. California Labor Code § 1174.5 further requires that any employee suffering injury due to a willful violation of the aforementioned obligations may seek damages, including civil penalties, from the employer.

86. During the course of Plaintiff Ramirez's and Employees' employment, Defendants consistently failed to maintain accurate time and wage records for Plaintiff Ramirez and Employees as required by California Labor Code § 1174 by failing to pay Plaintiff Ramirez and Employees proper wages, overtime, and premium pay as discussed above.

87. Accordingly, Defendants are liable for civil penalties pursuant to the California Labor Code § 1174.5. for the three (3) years prior to the filing of this Complaint.

/ / /

/ / /

/ / /

**TENTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 203**

**(Against All Defendants)**

88. Plaintiff Ramirez re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

89. Numerous Employees are no longer employed by Defendants; they either quit Defendants' employ or were fired therefrom.

90. Defendants failed to pay these Employees all wages due and certain at the time of termination or within seventy-two (72) hours of resignation.

91. The wages withheld from these Employees by Defendants remained due and owing for more than thirty (30) days from the date of separation of employment.

92. Defendants' failure to pay wages, as alleged above, was willful in that Defendants knew wages to be due but failed to pay them; this violation entitles these Employees to penalties under Labor Code § 203, which provides that an employee's wages shall continue until paid for up to thirty (30) days from the date they were due.

**ELEVENTH CAUSE OF ACTION**

**VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ.***

**(Against All Defendants)**

93. Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

94. Plaintiffs, on behalf of themselves, Employees, and the general public, brings this claim pursuant to Business & Professions Code § 17200 *et seq*. The conduct of Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Employees and the general public. Plaintiffs seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

95. Plaintiffs are "person(s)" within the meaning of Business & Professions Code § 17204, have suffered injury, and therefore have standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

96. Business & Professions Code § 17200 *et seq*. prohibits unlawful and unfair business practices.

97. Wage-and-hour laws express fundamental public policies. Paying employees their wages and overtime, providing them with compliant meal and rest periods, etc., are fundamental public policies of California. Labor Code § 90.5(a) articulates the public policies of this State vigorously to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower costs to themselves by failing to comply with minimum labor standards.

98. Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint, Defendants have acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code § 17200 *et seq*.; which conduct has deprived Plaintiffs, and all persons similarly situated, and all interested persons, of the rights, benefits, and privileges guaranteed to all employees under the law.

99. Defendants' conduct, as alleged hereinabove, constitutes unfair competition in violation of the Business & Professions Code § 17200 *et seq*.

100. Defendants, by engaging in the conduct herein alleged, by failing to pay wages and overtime, failing to provide compliant meal and rest periods, etc., either knew or in the exercise of reasonable care should have known that their conduct was unlawful; therefore their conduct violates the Business & Professions Code § 17200 *et seq*.

101. As a proximate result of the above-mentioned acts of Defendants, Employees have been damaged, in a sum to be proven at trial.

102. Unless restrained by this Court, Defendants will continue to engage in such unlawful conduct as alleged above. Pursuant to the Business & Professions Code, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use by Defendants or their agents or employees of any unlawful or deceptive practice prohibited by the Business & Professions Code, including but not limited to the

disgorgement of such profits as may be necessary to restore Employees to the money Defendants have unlawfully failed to pay.

**RELIEF REQUESTED**

WHEREFORE, Plaintiffs prays for the following relief:

1. For an order certifying this action as a class action;

2. For compensatory damages in the amount of the unpaid minimum wages for work performed by Employees and unpaid overtime compensation from at least four (4) years prior to the filing of this action, as may be proven;

3. For liquidated damages in the amount equal to the unpaid minimum wage and interest thereon, from at least four (4) years prior to the filing of this action, according to proof;

4. For compensatory damages in the amount of the hourly wage made by Employees for each missed or deficient meal period where no premium pay was paid therefor from four (4) years prior to the filing of this action, as may be proven;

5. For compensatory damages in the amount of the hourly wage made by Employees for each day requisite rest breaks were not provided or were deficiently provided where no premium pay was paid therefor from at least four (4) years prior to the filing of this action, as may be proven;

6. For penalties pursuant to Labor Code § 226(e) for Employees, as may be proven;

7. For penalties pursuant to Labor Code § 226.3, as may be proven;

8. For penalties pursuant to Labor Code § 203 for all Employees who quit or were fired in an amount equal to their daily wage times thirty (30) days, as may be proven;

9. For penalties pursuant to Labor Code § 227.3, as may be proven;

10. For penalties pursuant to Labor Code §§ 245 and 246, as may be proven;

11. For penalties pursuant to Labor Code § 1174.5, as may be proven;

12. For restitution for unfair competition pursuant to Business & Professions Code § 17200 *et seq*., including disgorgement or profits, as may be proven;

13. For compensatory damages in the amount of all previously unreimbursed business expenditures necessarily incurred by Employees in the discharge of their job duties for Defendants

from four (4) years prior to the original filing of this action, as may be proven;

14. For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties adumbrated in this Complaint;

15. For all general, special, and incidental damages as may be proven;

16. For an award of pre-judgment and post-judgment interest;

17. For an award providing for the payment of the costs of this suit;

18. For an award of attorneys' fees; and

19. For such other and further relief as this Court may deem proper and just.

/ / /

/ / /

/ / /

DATED: June 11, 2026

D.LAW, INC.

By ______________________

Roman Shkodnik
Emma Geesaman
Attorneys for Plaintiffs
MICHAIAH MICAH RAMIREZ and JAIDA JEROTZ and the putative class

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demands trial of their claims by jury to the extent authorized by law.

DATED: June 11, 2026

D.LAW, INC.

By [signature]

Roman Shkodnik
Emma Geesaman
Attorneys for Plaintiffs
MICHAIAH MICAH RAMIREZ and JAIDA JEROTZ and the putative class

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 250 N Madison Avenue, 2nd Floor Pasadena, CA 91101.

On the date of execution of hereof, I caused to be served the following attached document/s:

**FIRST AMENDED CLASS ACTION COMPLAINT**

on the interested parties in this action, addressed as follows:

*Agent for Service for Defendant UNITED STATES OF ARITZIA INC.*

Alex Jenkins, Agent for CSC
2710 Gateway Oaks Dr, Suite 150N
Sacramento, CA 95833

*Agent for Service for Defendant US OF ARITZIA INC.,*

Brian Hill, Executive Chair,
189 The Grove Drive
Los Angeles, CA 90036

__X__ **VIA MAIL:** I caused the document(s) to be served to be deposited at: 250 N Madison Avenue, 2nd Floor Pasadena, CA 91101, which is a mailbox or other like facility regularly maintained by the United States Postal Service, in a sealed envelope, with postage paid, addressed to the person(s) on whom the document(s) is/are to be served, at the office address as last given by that/those person(s), otherwise at that/those person(s)' place(s) of residence. I am aware that on motion of any party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing stated herein.

______ **VIA ELECTRONIC MAIL:** Service by electronic mail was made either pursuant to a Court Order, pursuant to agreement between the parties permitting the same, or as a professional courtesy in addition to other proper service. The electronic mail was sent to an electronic mail address maintained by the person(s) on whom the document(s) is/are served as last given by that/those person(s). I personally requested a "delivery receipt" for this electronic mail message, and, unless disallowed by the recipient, received the same.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on June 11, 2026, at Pasadena, California.

____________________
Katheryn Perez

# EXHIBIT C

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**Electronically FILED by Superior Court of California, County of Los Angeles 4/10/2026 2:41 PM David W. Slayton, Executive Officer/Clerk of Court, By A. Radillo, Deputy Clerk**

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
UNITED STATES OF ARITZIA INC. dba ARITZIA, a Delaware corporation; US OF ARITZIA INC, an entity of unknown form; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
MICHAIAH MICAH RAMIREZ, on behalf of herself and others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California* (www.sucorte.ca.gov)*, en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services,* (www.lawhelpcalifornia.org)*, en el Centro de Ayuda de las Cortes de California,* (www.sucorte.ca.gov) *o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse
111 North Hill Street
Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
26STCV11680

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
D.Law, Inc., Roman Shkodnik, 250 N Madison Ave., 2nd Floor, Pasadena, CA 91101 P: (818) 962-6465

DATE: 04/10/2026
*(Fecha)*

David W. Slayton, Executive Officer/Clerk of Court
Clerk, by *(Secretario)* A. Radillo, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date)*:

# EXHIBIT D

**POS-015**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Roman Shkodnik (285152); Emma Geesaman (SBN 352715)
D.Law, Inc.
250 N Madison Avenue, 2nd Floor
Pasadena, CA 91101

TELEPHONE NO.: (818) 962-6465 FAX NO. *(Optional)*: (818) 962-6469
E-MAIL ADDRESS *(Optional)*: r.shkodnik@d.law; e.geesaman@d.law
ATTORNEY FOR *(Name)*: Plaintiff, MICHAIAH MICAH RAMIREZ

*FOR COURT USE ONLY*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 N Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: Michaiah Micah Ramirez

DEFENDANT/RESPONDENT: United States of Aritzia Inc., et al.,

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL**

CASE NUMBER: 26STCV11680

TO *(insert name of party being served)*: UNITED STATES OF ARITZIA INC.dba ARITZIA,a Delaware corporation

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: June 11, 2026

Katheryn Perez
(TYPE OR PRINT NAME)

[signature]
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of ***(to be completed by sender before mailing)***:

1. ☐ A copy of the summons and of the complaint.
2. ☑ Other *(specify)*:

Court Notice of Case Assignment, Court Notice of Initial Status Conference, Initial Status Conference Order and First Amended Complaint

***(To be completed by recipient):***

Date this form is signed:

Catherine Van Farowe, Attorney for Defendant
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

# EXHIBIT E

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Roman Shkodnik (285152); Emma Geesaman (SBN 352715)
250 N Madison Ave., 2nd Floor, Pasadena, CA 91101

TELEPHONE NO.: (818) 962-6465 FAX NO. : (818) 962-6469
EMAIL ADDRESS: r.shkodnik@d.law; e.geesaman@d.law
ATTORNEY FOR *(Name):* Plaintiff, MICHAIAH MICAH RAMIREZ

*FOR COURT USE ONLY*

Electronically FILED by Superior Court of California, County of Los Angeles 4/10/2026 2:41 PM David W. Slayton, Executive Officer/Clerk of Court, By A. Radillo, Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 N Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Ramirez v. United States of Aritzia Inc., et al.

## CIVIL CASE COVER SHEET

[x] **Unlimited** (Amount demanded exceeds $35,000)
[ ] **Limited** (Amount demanded is $35,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 26STCV11680
JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* Eleven (11)
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 10, 2026
Emma Geesaman
(TYPE OR PRINT NAME)

[signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller
    - Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition



For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form | Save this form | Clear this form

| SHORT TITLE: Ramirez v. United States of Aritzia Inc., et al. | CASE NUMBER 26STCV11680 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

**Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

| SHORT TITLE: Ramirez v. United States of Aritzia Inc., et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1, 2, 3<br>10 |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels______ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Ramirez v. United States of Aritzia Inc., et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☒ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependent Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name/Change of Gender<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

| SHORT TITLE: Ramirez v. United States of Aritzia Inc., et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | | | ADDRESS: |
|---|---|---|---|
| CITY: | STATE: | ZIP CODE: | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: April 10, 2026

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

# EXHIBIT F

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

Reserved for Clerk's File Stamp

FILED
Superior Court of California
County of Los Angeles
04/10/2026
David W. Slayton, Executive Officer / Clerk of Court
By: A. Radillo Deputy

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL CASE**

**Your case is assigned for all purposes to the judicial officer indicated below.**

CASE NUMBER:
26STCV11680

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Theresa M. Traber | 1 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 04/13/2026
(Date)

David W. Slayton, Executive Officer / Clerk of Court

By A. Radillo, Deputy Clerk

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

***Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

# EXHIBIT G

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Central District, Spring Street Courthouse, Department 1

**26STCV11680**
**MICHAIAH MICAH RAMIREZ, ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED vs UNITED STATES OF ARITZIA INC. DBA ARITZIA, A DELAWARE CORPORATION, et al.**

April 28, 2026
10:47 AM

Judge: Honorable Theresa M. Traber
Judicial Assistant: A. He
Courtroom Assistant: None

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order Scheduling Initial Status Conference

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has assigned this case to this department for all purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 07/29/2026 at 08:30 AM in this department. At least ten (10) days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Spring Street Courthouse, Department 1

**26STCV11680**
**MICHAIAH MICAH RAMIREZ, ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED vs UNITED STATES OF ARITZIA INC. DBA ARITZIA, A DELAWARE CORPORATION, et al.**

April 28, 2026
10:47 AM

Judge: Honorable Theresa M. Traber
Judicial Assistant: A. He
Courtroom Assistant: None

CSR: None
ERM: None
Deputy Sheriff: None

of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a Private Attorney General Act ("PAGA") claim.

Parties shall file all documents in conformity with Superior Court of Los Angeles County Local Rule 3.4, particularly the provisions requiring bookmarking (Local Rule 3.4(f)(2-5)).

For efficiency in communication with counsel, the complex program requires the parties in every new case to use an approved third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court which provider was selected.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS") portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1 is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information on how to make such a request in a timely manner.
https://www.lacourt.ca.gov/pages/lp/language-access-services/tp/request-a-court-interpreter

Counsel are directed to access the following link for further information on procedures in the Complex litigation Program courtrooms: https://www.lacourt.ca.gov/pages/lp/civil/tp/civil-case-types-and-specialty-courtrooms/cp/complex-civil-litigation.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven (7) days of service.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Central District, Spring Street Courthouse, Department 1

**26STCV11680**
**MICHAIAH MICAH RAMIREZ, ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED vs UNITED STATES OF ARITZIA INC. DBA ARITZIA, A DELAWARE CORPORATION, et al.**

April 28, 2026
10:47 AM

Judge: Honorable Theresa M. Traber
Judicial Assistant: A. He
Courtroom Assistant: None

CSR: None
ERM: None
Deputy Sheriff: None

Certificate of Service is attached.